## NEALE vs. SEELEY.

Where the owner of a building standing near the division line puts a new roof
and eaves-trough upon the building, and continues to occupy the building,
in that condition, for 20 years, without material change in the meantime, to
the injury of the adjoining proprietor, he will acquire a prescriptive right to
continue the roof and eaves-trough, in the same way and manner as when
they were first put there.

But in an action on the case against him by the adjoining proprietor, for a nui-
sance, this right of prescription is an affirmative defense, which it is incum-
bent upon the defendant to prove.

If there is no evidence as to the time when the change was made, there can be
no intendment in the defendant's favor, on that question.

If the testimony tends to show that the water from the roof of the defendant's
house did not run upon the plaintiff's premises until after the new eaves-
trough was put up, and that since that time it has run over and upon the
plaintiff's premises, and injured his land, the plaintiff should not be non-
suited.

THIS was an action on the case for a nuisance. The com-
plainant alleges that the plaintiff is, and for some time
time has been, seised in fee, and is the owner of the freehold
of a piece of land situated on south Fitzhugh street, in the
city of Rochester, being in town lot No. 52, and designated
on a map of Corn-Hill, as subdivision lots 7 and 17. That
the defendant is the owner and seised in fee of a lot of land
next adjoining upon the north of the above described prem-
ises. That upon the said adjoining lot is a dwelling house,
the roof of which the defendant has caused to be projected,
and still keeps projected, over and beyond the south line of
the plaintiff's premises, a distance of twelve inches, more or
less, so that the water falling upon the roof of the said
dwelling is cast and turned upon the lot and premises of the
plaintiff. That he has requested the defendant to remove
the said roof, or so much thereof as overhangs the plaintiff's
premises, and abate the said nuisance, which she refuses to do.
Wherefore the plaintiff prays judgment for his damages,
and that the nuisance be abated, with costs.

The answer was a general denial, and alleged that the
cause of action did not accrue within six years.

On the trial at the circuit, the plaintiff proved the title to lots 7 and 17 to be in himself. That the boundary line between the parties was within four inches of the defendant's house. That the house had remained in its present position for forty years ; that the plaintiff's house stood within four inches of the line ; that the roof of the defendant's house was built twelve or fifteen inches over the line, and the effect, when it rained, was that the water fell and washed at a distance of twenty inches from the base, so that the ground could not be used. . It appeared in evidence, that some years since, the defendant put a new roof on his house, the eaves of which projected out the same distance as the old gutters ; the old roof was finished, at the edge, with an old fashioned gutter ; the roof projected over the edge of the wall ; the width of the gutter was beyond the face of the wall ; its width was twelve or fourteen inches ; and the shingles of the old roof extended about six inches. As the old roof was constructed, the water would not drip upon the adjoining lot ; but now, the water would drip on that lot. A new tin gutter was put up when the roof was repaired, which leaked the water over. At the close of the testimony, the defendant moved for a nonsuit, on the following grounds : 1. Because the plaintiff purchased the premises with notice of the condition of the defendant's roof, which was the same then as now. 2. It does not appear that the defendant erected, or caused to be erected, the new roof, or had any knowledge of the same. 3. The defendant, or her grantors, has had for nearly forty years the quiet and uninterrupted possession and use of the premises in dispute.

The court granted the motion for a nonsuit, and the plaintiff excepted. Exceptions ordered to be heard at a general term, in the first instance.

*C. H. Clark,* for the plaintiff.

*John McConvill,* for the defendant.

Neale *v.* Seeley.

*By the Court,* WELLES, J. The evidence does not show when the new roof and eaves-trough were put upon the defendant's house. If it was more than twenty years before the action was commenced, and there has been no material change in the meantime, to the injury of the plaintiff; the defendant has acquired a prescriptive right to continue them in the same way and manner as when they were first put there; and she would be at liberty to change the form, provided the object would be equally well secured, without injury to the interests of the plaintiff. But this right of prescription was an affirmative defense, which it was incumbent upon the defendant to prove. No evidence appears to have been given as to the time when the change was made, and there can be no intendment in the defendant's favor, on that question.

The testimony tended to show that the water from the roof of the defendant's house did not run upon the plaintiff's premises until after the new tin eaves-trough was constructed and put up, but was carried off by the old one; and that since that time it did run over and upon the plaintiff's premises, and injured his land. These questions should therefore have been submitted to the jury.

It seems to me that the learned justice fell into an error in nonsuiting the plaintiff, and that a new trial should be granted.

Ordered accordingly.

[MONROE GENERAL TERM, December 3, 1866. *Welles, E. Darwin Smith* and *Johnson,* Justices.]