Mary V. Amerman, Appellant, *v.* Bertha A. Deane, Respondent.

| 132 | 355 |
| 168 | ¹195 |

Where the owner of lands in a city has laid it out into lots, which are sold to different purchasers, each conveyance containing covenants on the part of the grantee running with the land restricting the use thereof to the purposes of a private residence, or prohibiting the erection thereon of certain specified structures, while a court of equity has power to enforce the performance of these covenants, the exercise of this authority is within its discretion, and where there has been such a change in the character of the neighborhood as to defeat the objects and purposes of the covenants and to render it inequitable to deprive a grantee or his successors in title of the privilege of conforming his property to that character, such relief will not be granted, and in lieu thereof damages may be allowed.

One B. owned a block of land in the city of New York, which he divided into lots for private residences and conveyed to different parties by deeds, each of which contained a covenant on the part of the grantee, his heirs and assigns, not at any time thereafter to erect, suffer or permit upon the premises conveyed any tenement-house, which covenant it was agreed should run with the land.  In an action against one, who through various mesne conveyances, all of which contained said restriction, had became the owner of a lot in said block, brought by the owner of another lot, used as a private residence, to restrain a violation of the covenant, it was proved that the entire surrounding neighborhood had been mostly built up with flats or tenement-houses; that the tenement-house defendant was building was a large one, and he had expended large sums thereon.  The trial court refused a permanent injunction, but fixed the permanent damages, *i. e.*, the difference in value of plaintiff's premises with and without defendant's tenement building, and awarded an injunction restraining the defendant from renting her building to any tenant until such damages and the costs were paid.  *Held*, no error; that the court in awarding damages was not confined to those sustained before the commencement of the action.

*Pond* v. *M. E. R. Co.* (112 N. Y. 186); *Uline* v. *N. Y. C. & H. R. R. R. Co.* (101 id. 98), distinguished.

But *held*, that the trial court might properly and should have required plaintiff, upon receipt of the damages awarded, to execute to defendant a release of the covenant.

Reported below, 25 J. & S. 175.

(Argued March 21, 1892; decided April 19, 1892.)

APPEAL from order of the General Term of the Superior Court of the city of New York, made August 27, 1889, which reversed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and ordered a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*W. J. Townsend* for appellant. In an equitable action the plaintiff is not limited to loss of rentals, but may recover his full damages in a single action, and the proper measure of such damages is the depreciation in the market value of the property in question. (*Kernochan* v. *N. Y. E. R. R. Co.*, 128 N. Y. 559; *McGean* v. *M. R. Co.*, 117 id. 219; *Henderson* v. *N. Y. C. R. R. Co.*, 78 id. 423; *T. & B. R. R. Co.* v. *Lee*, 13 Barb. 169; *Pappenheim* v. *M. E. R. Co.*, 125 N. Y. 436; *N. Y. N. E. Bank* v. *M. E. R. Co.*, 21 J. & S. 311.) Conceding all the facts claimed by the defendant, no equitable defense is shown. (*Trustees, etc.*, v. *Thacher*, 37 N. Y. 311.) The defense that, by reason of changes in the neighborhood, the property in question could be profitably improved in no other way, and that it would be inequitable to enforce the restriction, is not supported by the evidence, and the findings of the trial court are correct. (*Lattimer* v. *Livermore*, 72 N. Y. 174; *Trustees, etc.*, v. *Thacher*, 87 id. 311.) Even if the facts as proved would disentitle the plaintiff to equitable relief, yet she is entitled to recover such damages as have resulted from the defendant's breach of her covenant. (*Clark* v. *R. L. & N. F. R. Co.*, 18 Barb. 350.) The judgment was more favorable to the defendant than she had a right to expect, and was in proper and, in such cases, usual form. (*Van Rensselaer* v. *Van Rensselaer*, 113 N. Y. 307, 314.)

*Cephas Brainerd* for respondent. The relation of the parties is this: The restrictive covenant creates an equitable easement in favor of the plaintiff over the defendant's property. The defendant's property is under an equitable servi-

tude to the plaintiff. The plaintiff claims that this covenant has been violated by the defendant in the erection of the buildings now standing on her land. (Pom. Eq. Juris. §§ 1295, 1342.) The measure of damages cannot be sustained. (*Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98; 108 id. 660; *Whitmore* v. *Bischoff*, 5 Hun, 176; *Matthews* v. *D. & H. C. Co.*, 20 id. 427; *Ireland* v. *M. E. R. Co.*, 20 J. & S. 450.) The rule that a covenant which works a hardship to one of the parties will not be specifically performed, or be regarded as ground for damages, is broad enough to protect this defendant. (*C. College* v. *Thacher*, 87 N. Y. 311; Fry on Spec. Perf. § 397.) It is insisted, on the part of the plaintiff, that the *Columbia College* case was designed to rule that the change which will defeat a restrictive covenant must be one not within the contemplation of the parties when the covenant was made. Such is not the rule. (*Trustees, etc.*, v. *Lynch*, 70 N. Y. 440; 3 Pom. Eq. Juris. § 1295; *Murfeldt* v. *N. Y., W. S. & B. R. R. Co.*, 102 N. Y. 703; *Duke of Bedford* v. *British Museum*, 2 M. & K. 552, 573; *Reynolds* v. *Cowlingshaw*, L. R. [11 Ch. Div.] 868; *Clark* v. *R. R. R. Co.*, 18 Barb. 350, 355; *Musgrave* v. *Sherwood*, 56 How. Pr. 338; *Conger* v. *R. R. Co.*, 120 N. Y. 29, 30; *Chesterfield* v. *Janscen*, 1 Atk. 301; *Bradford* v. *R. R. Co.*, 123 N. Y. 316; *Post* v. *Weil*, 115 id. 361.) Plaintiff was allowed to show, against the defendant's objections and exceptions, that the opinions of a witness as to the effect of a certain class of building, if put on the defendant's lots, as contrasted with the buildings actually there. This should have been excluded. (*Roberts* v. *M. E. R. Co.*, 128 N. Y. 455.) The General Term has reversed the judgment on facts; this court will not investigate the proof further than to see that there was fair ground for the reversal. (*Gray* v. *M. R. Co.*, 128 N. Y. 499, 509.)

HAIGHT, J. This action was brought for a permanent injunction, and for damages.

Clarence S. Brown was the former owner of a block of land in the city of New York, bounded on the north by Sixty-fourth

street, on the east by Ninth avenue, on the south by Sixty-third street, and on the west by Tenth avenue. He made conveyances of separate parts of such block to different parties, all of which conveyances were made subject to certain restrictions and covenants, among which was that the grantee, his heirs and assigns, would not, at any time thereafter, erect, suffer or permit upon the premises thereby conveyed, or any part thereof, any tenement-house; and it was agreed between the parties to such conveyance that such covenants should run with the land.

The defendant, through various mesne conveyances from Brown, under deeds containing the restriction and covenant above mentioned, has become the owner of a lot on the southeast corner of Tenth avenue and Sixty-fourth street; the plaintiff, in like manner, has become the owner of a private residence on the south side of Sixty-fourth street, distant forty-two feet and nine inches easterly from the rear of defendant's lot. Since the purchase by the plaintiff of her residence, the defendant has erected upon her lot a tenement-house in violation of the restriction and covenant alluded to. The building contains a frontage of seventy-five feet on Tenth avenue, and ninety-five feet on Sixty-fourth street. It is arranged for three stores fronting upon the avenue, and three stores fronting upon Sixty-fourth street, with four stories above the first floor, each arranged for the accommodation of four families.

Flat or tenement-houses of the ordinary description have been erected for a considerable distance below Sixty-third street, on both sides of Tenth avenue; also on the opposite side of Tenth avenue, between Sixty-third and Sixty-fourth streets; also upon the entire block fronting on the easterly side of Tenth avenue from Sixty-fourth street to Sixty-fifth street; also in the middle of the block, between Ninth and Tenth avenues on the northerly side of Sixty-third street; ordinary tenement-houses have been built on the southerly side of Sixty-third street from Ninth avenue westwardly, covering more than half of the block; flat or tenement-houses have been built opposite the premises of the plaintiff, on the north-

erly side of Sixty-fourth street, and like houses have been built for a considerable distance northward on both sides of Tenth avenue. On the north-westerly corner of Tenth avenue and Sixty-fifth street is an establishment for the manufacture of illuminating gas, and on the block below, on the westerly side of Tenth avenue, are carpenter-shops, liquor and beer-saloons, blacksmith-shops, and one tenement or flat-house.

The trial court refused a permanent injunction, but awarded damages to the plaintiff in the sum of fifteen hundred dollars, and an injunction restraining the defendant from renting the building upon her lot to any tenant until such damages, together with the costs of the action, shall be paid.

The facts to which we have alluded were found by the trial court, and are such as to entitle the plaintiff to an injunction were it not for the fact that the surrounding neighborhood has has been chiefly built up and occupied with flat or tenement-houses. The defendant's building is a large one, constructed at considerable expense, and is in a neighborhood devoted chiefly to the residence of people for which the defendant's building was designed; if enjoined from using the same for that purpose, the defendant must necessarily suffer damages greatly in excess of any which is likely or possible to be sustained by the plaintiff.

In the case of *Trustees of Columbia College* v. *Thacher* (87 N. Y. 311), it was held, that whilst a court of equity has jurisdiction to enforce the observance of covenants made by an owner of lands in a city, with an adjoining owner, in consideration of similar reciprocal covenants on the part of the latter, restricting the use of the lands to the purposes of private residences, the exercise of this authority is within its discretion; and where there has been such a change in the character of the neighborhood as to defeat the object and purposes of the agreement, and to render it inequitable to deprive such owner of the privilege of conforming his property to that character, such relief will not be granted.

In High on Injunctions (§ 22), it is said, if it is apparent upon an application for an injunction, that the relief sought

is disproportioned to the nature and extent of the injury sustained, or likely to be sustained, the court will decline to interfere. And again at section 1158, where the character and condition of the adjoining lands, with reference to that conveyed, have so changed as to render the restriction in the conveyance inapplicable, according to its true intent and spirit, a court of equity will not interfere by injunction to prevent a breach of the covenant, but will leave the party aggrieved to his remedy at law.

See also *Conger* v. *N. Y., West Shore & Buffalo Railroad Company* (120 N. Y. 29); *Margraf* v. *Muir* (57 id. 155); *Peters* v. *Delaplaine* (49 id. 362).

Under the rule to which we have called attention, and the facts disclosed, the trial court properly withheld a permanent injunction, and confined the relief of the plaintiff to damages.

As we have seen, the trial court awarded fifteen hundred dollars as damages. This was found to be the difference in value of the plaintiff's premises, with and without the defendant's tenement building. The award is for the permanent injury sustained. The defendant's building was in process of construction when this action was brought. At the time of the trial, it had been completed, but was only partially occupied. The plaintiff's damages depended not upon the construction of the building, but the use made of it. If it should never be used for a tenement building, no damages would result, and if as is claimed, damages only could be awarded to the time the action was commenced, none could be allowed for the reason that at that time, none had been sustained. It appears to have been upon this theory that the General Term ordered the reversal of the judgment, following the cases of *Pond* v. *Metropolitan El. Railway Co.* (112 N. Y. 186); *Uline* v. *N. Y. C. & H. R. R. R. Co.* (101 id. 98), and other kindred cases; but those cases were actions for damages, and were disposed of upon the theory that as to the plaintiff there was an unlawful structure upon his easement, amounting to a nuisance. That being a nuisance, the defendant was under a legal obligation to remove it, and the law would not presume that he

would not do so. For that reason damages could only be recovered up to the time of the commencement of the action.

We do not regard these cases as having any application to the question under consideration. The defendant's building does not incumber or interfere with any easement of the plaintiff; it is not unlawful or a nuisance. There is consequently no presumption that it will be abated or discontinued. The devoting of it to the use for which it was constructed, operates as a breach of the covenant embraced in the deeds to which we have alluded, and because of such breach, the plaintiff is entitled to damages. The building is a permanent structure, specially arranged for continued use as a tenement or flat-house. This action is in equity, and one of the objects sought is to avoid a multiplicity of actions which might be brought in case only past damages could be recovered.

We see no reason why permanent damages may not be awarded. This right is recognized by the recent cases.

In *Pappenheim* v. *Met. El. Railway Company* (128 N. Y. 436), PECKHAM, J., in delivering the opinion of the court, says: "In an action at law, the owner of the property interfered with or trespassed upon cannot recover damages to his premises, based upon the assumption that such trespass is to be permanent. He can only recover the damages which he has sustained up to the commencement of the action. * * * But the owner can resort to equity for the purpose of enjoining the continuance of the trespass, and to thus prevent a multiplicity of actions at law to recover damages; and in such an action the court may determine the amount of damages which the owner would sustain if the trespass were permanently continued, and it may provide that upon payment of that sum the plaintiff shall give a deed or convey the right to the defendant." (See also *Thompson* v. *Manhattan Railway Company*, 41 N. Y. S. Rep. 697; *Henderson* v. *N. Y. C. R. R. Co.*, 78 N. Y. 423–434.)

We discover no exceptions in the case that call for a reversal of the judgment. Evidence was received in reference to there being windows on the east end of the building, but it was

received only for the purpose of showing the kind of house that was erected, and no claim for damages was made by reason of such windows. To the question as to what the effect would have been upon the plaintiff's property, if instead of the house erected by Mrs. Deane there had been placed houses corresponding in quality and character to those which front on Tenth avenue above Sixty-fourth street, the answer of the witness is, that he did not know the character of those houses. He does not pretend to speak as to the effect, and consequently the exception taken is not available. His answer to the next question is in favor of the defendant, and consequently did her no harm.

The damages awarded by the trial court was for the permanent injury sustained by the plaintiff by reason of the breach of the covenant alluded to. Under the practice adopted in kindred cases, the trial court might properly have required the plaintiff, upon the receipt of the damages awarded, to have duly executed, acknowledged and delivered to the defendant a release from the covenant, so far as it restricts the use of the premises for the purpose of a tenement-house. Whilst this requirement may not be necessary to bar a further action for damages, it seems but just, under the circumstances and in view of the liberal award made, that the release should be given.

The order of the General Term will, therefore, be affirmed, and judgment absolute ordered against the appellant *upon her stipulation,* with costs, unless within thirty days she stipulates that the judgment of the trial court be modified, by adding thereto a provision that upon the payment to her of the damages and costs awarded by the trial court she execute, acknowledge and deliver to the defendant a release from the covenant embraced in the deed, so far as it restricts the use of the premises for the purpose of a tenement-house. If such stipulation is given, the order of the General Term is reversed, and the judgment of the trial court, as so modified, is affirmed, without costs.

All concur.

Ordered accordingly.