(97 App. Div. 15.)

### BERGMAN et al. v. KLEIN.

(Supreme Court, Appellate Division, Second Department. July 28, 1904.)

1. LIMITATIONS—RECOVERY OF REAL PROPERTY—ABUTTING BUILDINGS.
    Code Civ. Proc. § 1499, providing that an action to recover possession of real property in a city cannot be maintained where such property consists of a strip of land not exceeding six inches in width upon which there stands the exterior wall of a building erected partly upon said strip and partly upon the adjoining lot, "and a building has been erected upon land of the plaintiff abutting," unless such action be commenced within a year after the completion of the wall, applies only to a case where the owners of both pieces of land have built buildings whose walls abut one or the other, and who have thereby apparently made a practical location of the dividing boundary.

2. VENDOR AND PURCHASER—REFUSAL TO COMPLETE PURCHASE—JUSTIFICATION.
    An objection to a title on the ground that the building on the property encroached three inches on adjoining land is a valid one, and justifies purchasers in refusing to complete the purchase.

Appeal from Municipal Court of New York.

Action by Solomon Bergman and Abraham Lefkowitz against David Klein. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Richard Cohn, for appellant.
Jacob W. Kahn, for respondents.

HIRSCHBERG, P. J. The judgment awards to the plaintiffs the amount of a deposit made by them with the defendant under a contract for the sale of real estate, the title of which they rejected as unmarketable. It also includes certain expenses incident to the examination of the title. The only objection to the title was the fact that the

¶ 2. See Vendor and Purchaser, vol. 48, Cent. Dig. § 256.

building on the property encroached three inches on the adjoining land, and it is conceded by the appellant that, if this constituted a valid ground for the plaintiff's refusal to accept a conveyance, the judgment appealed from is proper.

There is no building on the adjoining property abutting upon the defendant's encroaching wall, and the decision was rendered upon the theory that the provisions of section 1499 of the Code of Civil Procedure have, therefore, no application to the case. The decision seems to be correct. In the section of the Code referred to it is provided that an action to recover possession of real property cannot be maintained "where in any city the real property consists of a strip of land not exceeding six inches in width upon which there stands the exterior wall of a building erected partly upon said strip and partly upon the adjoining lot, and a building has been erected upon land of the plaintiff abutting, unless said action be commenced within one year after the completion of the erection of such wall or within one year after the first day of September, eighteen hundred and ninety eight." The section further provides that an action for damages may be maintained if commenced within the further period of one year, and that upon the satisfaction of a judgment recovered in such action the plaintiff's title to the encroaching strip shall be transferred to and vest in the defendant; but that, if neither an action of ejectment nor for damages be brought within the period limited, the person in possession shall be deemed to have an easement in the strip of land so long as the wall partly erected thereon shall stand.

The premises which the defendant contracted to sell to the plaintiffs are known as No. 146 Lynch street, in the borough of Brooklyn. The three-inch encroachment is on the lot adjoining on the west. There is a building on the westerly end of that lot, fronting on Marcy avenue, but a considerable vacant space exists between the rear or easterly end of that building and the defendant's encroaching wall. Neither action specified in section 1499 of the Code of Civil Procedure, supra, has been brought, and the time therefor had expired at the time set by the parties to this action for the closing of title under their contract. The appellant's contention is that the provision of the Code which I have cited relates to the case of an encroaching wall upon which the adjoining land abuts equally as to the case where a building upon the adjoining land abuts on the encroaching wall. I think, however, the statute only applies to a case where the owners of both pieces of land have built buildings whose walls abut one or the other, and who have thereby apparently made a practical location of the dividing boundary. This construction is in accordance with the obvious meaning of the language used, viz., where "a building has been erected * * * abutting on" the encroaching wall. This appears to have been the view taken by the Appellate Division in the First Department in Volz v. Steiner, 67 App Div. 504, 73 N. Y. Supp. 1006, Mr. Justice Ingraham writing (page 512, 67 App. Div., page 1012, 73 N. Y. Supp.), that, "where there is such an encroachment, and the owner of the lot upon which it exists has, by erecting a building upon his lot, practically located the line between the two pieces of land, in such case the owner of the land encroached upon must commence an action within one year after the encroachment,

or lose his right to maintain such an action." In that case it was held that the Code provisions in question are constitutional. In the view taken herein it is unnecessary to pass upon that question. The objection to the title was a valid one, and justified the respondents in refusing to complete the purchase. Wilhelm v. Federgreen, 2 App. Div. 483, 38 N. Y. Supp. 8, affirmed on opinion below 157 N. Y. 713, 53 N. E. 1133. It follows that the judgment should be affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur.