(74 Misc. Rep. 591.)

## JACOBUS et al. v. WILLIS.

(Supreme Court, Special Term, New York County. December, 1911.)

1. ADVERSE POSSESSION (§ 66*)—ENCROACHMENT OVER BOUNDARY—PRACTICAL LOCATION.

    Code Civ. Proc. § 1499, providing for dismissal of complaints for encroachments on land which have existed for more than two years, applies only where adjoining owners have erected buildings whose walls abut one on the other, and who thereby apparently located the boundary line.

    [Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 371–383; Dec. Dig. § 66.*]

2. BOUNDARIES (§ 48*)—ENCROACHMENTS—INJUNCTION—ACQUIESCENCE.

    Where plaintiff suffered the erection of defendant's building on an adjoining lot without objection, and allowed it to stand unquestioned for many years, an injunction restraining continuance of the encroachment,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

beginning about two inches from the ground level and increasing to about nine inches from the top of the building, will be denied.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 232-242; Dec. Dig. § 48.*]

3. INJUNCTION ·(§ 195*)—DAMAGES INSTEAD OF INJUNCTION.
Where suit is brought for injunction to restrain continuing trespass for maintaining encroachments a few inches on plaintiff's land, the court may determine the controversy by directing payment to plaintiff of the difference between the value of his property with and without the encroachment.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 415; Dec. Dig. § 195.*]

Action by Sarah C. Jacobus and others against Mary A. Willis, for an injunction. Matter referred to referee for report.

Wendell P. McKown, for plaintiffs.
Delany & St. John, for defendant.

GUY, J. Plaintiffs ask an injunction restraining defendant from continuing an encroachment by defendant upon plaintiffs' property, or, in the alternative, damages suffered by plaintiffs by reason thereof. The property in question, belonging to the plaintiffs, consists of an unimproved lot, 25 feet by 100 in size, known as No. 14 West Sixty-Fourth street, Manhattan borough, in this city. A survey, offered in evidence by plaintiffs, shows that the building erected by defendant in 1895, on the adjoining lot in West Sixty-Fourth street, encroaches upon plaintiffs' land 1½ to 2¾ inches at the ground level and gradually increases to an encroachment of 4 to 9½ inches at the top of the building. The defendant proved that these conditions have been unchanged since 1904.

[1] Defendant moves for a dismissal of the complaint, on the ground that, the encroachment having existed for more than two years, this action is prohibited by section 1499 of the Code of Civil Procedure. This statute applies only where the abutting owners of both pieces of land have built buildings whose walls abut one on the other, and who have thereby apparently made a practical location of the dividing boundary. Bergman v. Klein, 97 App. Div. 15, 17, 89 N. Y. Supp. 624; Volz v. Steiner, 67 App. Div. 511, 512, 73 N. Y. Supp. 1006. The motion to dismiss must, therefore, be denied.

[2] In view of the fact that plaintiffs suffered the erection of defendant's building without objection and have allowed it to stand unquestioned for many years, the court will refuse a mandatory injunction. See Knoth v. Manhattan R. Co., 187 N. Y. 243, 251–253, 79 N. E. 1015; Bremer v. Manhattan R. Co., 191 N. Y. 334, 341, 84 N. E. 59; McClure v. Leaycraft, 183 N. Y. 36, 44, 75 N. E. 961, 5 Ann. Cas. 45.

[3] A court of equity may take possession and finally end such a controversy by securing the payment of adequate compensation in lieu of a cessation of the trespass. New York City v. Pine, 185 U. S. 93–103, 108, 22 Sup. Ct. 592, 46 L. Ed. 820; Crocker v. Manhattan Life Ins. Co., 61 App. Div. 226, 231, 70 N. Y. Supp. 492; Amerman

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

v. Deane, 132 N. Y. 355, 361, 30 N. E. 741, 28 Am. St. Rep. 584;
Bates v. Holbrook, 67 App. Div. 25, 36, 73 N. Y. Supp. 417, affirmed
171 N. Y. 461, 471, 64 N. E. 181. The measure of damages is the
difference between the value of the plaintiffs' property with and with-
out the encroachment. Crocker v. Manhattan Life Ins. Co., 61 App.
Div. 226, 70 N. Y. Supp. 492; Amerman v. Deane, 132 N. Y. 355,
30 N. E. 741, 28 Am. St. Rep. 584.

The evidence introduced by plaintiffs tends to show a damage of
$4,500 to plaintiffs by reason of this encroachment. Defendant intro-
duced no evidence on this point. This estimate of plaintiffs' expert
witness as modified by cross-examination, seems very excessive, and
I deem it necessary that further proof should be presented as to the
extent of damage suffered by plaintiffs. I will therefore receive ad-
ditional proof on that point, or, if counsel prefer, send the matter
to a referee to hear and report thereon.

Ordered accordingly.