BOHM *v.* SILBERSTEIN.

1. COVENANTS—BUILDING RESTRICTIONS — CHANGED CHARACTER OF SURROUNDING PROPERTY.

Where the restrictions in a residential subdivision consisting of 18 blocks have been substantially complied with, the fact that adjoining or surrounding property is used for business purposes does not so change the character of the subdivision itself that the owners of property therein may not have the restrictions enforced.

On right to enforcement of restrictive covenant as affected by change in neighborhood see note in 28 L. R. A. (N. S.) 706.

2. SAME—ACTS OF OWNER OF SUBDIVISION MAY NOT ESTOP PURCHASERS FROM ENFORCING RESTRICTIONS.

> The fact that the grantor who restricted a subdivision for residential purposes, afterwards sold abutting property without restrictions, does not estop purchasers in the residential district from enforcing the restrictions.

Appeal from Wayne; Hart (Burton L.), J., presiding. Submitted June 13, 1922. (Docket No. 37.) Decided October 2, 1922.

Bill by George E. Bohm and others against Abraham Silberstein and another to enjoin the violation of certain building restrictions. From a decree for plaintiffs, defendants appeal. Affirmed.

*Welsh, Bebout & Kahn,* for plaintiffs.

*Fixel & Fixel,* for defendants.

SHARPE, J. The record contains a stipulation that "the opinion of the court may be considered and taken as the agreed statement of facts." We quote from it:

"Plaintiffs, in their bill, pray that defendants be restrained from erecting certain store buildings. Plaintiffs claim that such action on the part of defendants would be illegal on account of certain district restrictions.

"Defendants contend for the right so to do—*First,* because said restrictions have been waived and abandoned. *Second,* changed conditions have nullified the restrictions.

"The restricted area is known as 'Stevens subdivision.' It is included in the east and west boundaries of Oakland and Woodward avenues. The north boundary is McLean avenue and the south boundary is an alley, which alley is about one-half block north of Tennyson avenue. This area is crossed by the following north and south streets, east of Woodward avenue, in the order named: John R, Brush and then

Oakland. John R. and Brush have no street cars upon them within this district and Brush street is unpaved. Woodward and Oakland have double street car tracks upon them and they extend to the Ford plant and are thoroughfares beyond it. Brush and John R. streets extend to the Ford plant only. The Ford plant is ten blocks distant from this area. Crossing the subdivision east and west are the following streets in order named: Commencing at the south end, Connecticut, California, Massachusetts, Rhode Island, Colorado, and McLean. The subdivision was laid out in 1906 and 1908.

"Each deed of the lots within the subdivision, limits the use thereof to a single dwelling house of two or more stories and the necessary out-buildings. The dwellings between Woodward and John R. are to cost not less than $4,000; between John R. and Brush not less than $3,000; between Brush and Oakland not less than $2,000. The subdivision contains good substantial homes, but those east of Brush are not as fine and of as high a grade as those west of Brush street. Defendants' lot is at the northwest corner of California and Oakland. Defendants propose to erect the stores facing Oakland avenue.

"I find under the evidence that there has not been a waiver or abandonment of the restrictions. However, the various uses may be considered as bearing on the changed conditions of the locality.

"Hastings street, which is a business street of Detroit, ends at the Boulevard. Extending north from the Boulevard, Oakland avenue may be said to be a continuation of Hastings street. Oakland avenue is principally a street of business with stores lining both sides. It has a double track car system thereon. On the east side of Oakland avenue, opposite the south end of this subdivision, is a block of stores and the Highland Park State Bank. On the west side of Oakland avenue, and immediately south of this subdivision, is a picture house covering the entire block.  *  *  *

"The entire length of the east side of Oakland avenue, opposite this subdivision, is occupied by a public school, its playground and the Maxwell Motor Company. Immediately north of these, and on the east side of Oakland avenue, is a coal office, coal yard

and engine house.   Then comes vacant property.   The west frontage on Oakland avenue, in the subdivision, is either vacant along the street or else small frame or cement garages are built.   A large part of the trucking from the Ford plant is carried on on Oakland avenue.   Milk trucks bring milk each day from the north to a milk station on Oakland avenue, which milk station is south of this subdivision.   Work trains and freight trains pass daily up and down Oakland avenue, as well as cars for passengers.   Quite a few people in the subdivision, especially east of Brush street, take in roomers, and some of them boarders.   Some garages are rented."   *   *   *

In the opinion filed the trial court found that the "changed conditions have removed the restrictions" and concluded that the bill should be dismissed.   In an amended opinion filed after re-argument and before the decree was signed, he called attention to the recent case of *McQuade* v. *Wilcox*, 215 Mich. 302, and that of *Swan* v. *Mitshkun*, 207 Mich. 70, therein cited.   He found these cases controlling and granted the relief prayed for.   From the decree entered defendants appeal.

1. It is defendants' claim that the purpose of the restrictions has been defeated by a change in the character of the surrounding property and that a court of equity should not lend its aid to the enforcement of a mere legal right when no damage will result to plaintiffs from its non-enforcement.   14 R. C. L. p. 399, 2 High on Injunctions (4th Ed.), § 1158, Berry on Restrictions, p. 475, *Jackson* v. *Stevenson*, 156 Mass. 496 (31 N. E. 691, 32 Am. St. Rep. 476), *Amerman* v. *Deane*, 132 N. Y. 355 (30 N. E. 741, 28 Am. St. Rep. 584), *McClure* v. *Leaycraft*, 183 N. Y. 36 (75 N. E. 961, 5 Ann. Cas. 45), and *Orne* v. *Fridenberg*, 143 Pa. 487 (22 Atl. 832, 24 Am. St. Rep. 567), are cited and quoted from to support this claim.   The rule which should be applied to the facts as agreed upon in this

record has been several times clearly stated in the holdings of this court.

It appears that the restrictions imposed have been maintained in this subdivision. That the Maxwell motor car factory, buildings used for business purposes and a public school have been erected abutting on the streets surrounding this subdivision does not nullify the restrictions or render it inequitable to enforce them. The question presented is not whether any person would, under existing conditions, purchase vacant property in the subdivision for residential purposes, but may the plaintiffs enjoy the homes which they have erected relying upon the restrictions, free from the disturbances which the conduct of business therein would necessarily produce?

In *Swan* v. *Mitshkun, supra,* after stating other considerations it was said:

"But aside from and beyond that issue, those owning property in a restricted residential district or neighborhood, and especially those who have their homes there and been led to buy or build in such locality by reason of restrictive covenants running with the land imposed upon the street, block or subdivision in which they have purchased, are entitled to protection against prohibited invasion regardless of how close business may crowd around them on unrestricted property, provided the original plan for a residential district has not been departed from in the restricted district, street or block, and the restrictive requirements have been generally enforced, or accepted and complied with by purchasers."

The subdivision in question is of considerable size. It consists of 18 blocks. It, in itself, is a residential district in which homes of considerable value have been constructed. The building restrictions in the deeds have thus far been substantially complied with. The fact that adjoining or surrounding property is now used for business purposes does not alter the

character of the subdivision itself and the owners of
property therein are entitled to have it preserved for
the purpose for which it must be assumed they pur-
chased it.

The claim of counsel that "the object of the restric-
tion cannot be attained" owing to the changed con-
dition of the surrounding property is without merit.
As was further said in the *Swan case:*

"The case falls well within that class where it is
the policy of the courts of this State to protect prop-
erty owners who have not themselves violated re-
strictions in the enjoyment of their homes and hold-
ings, free from inroads by those who attempt to in-
vade restricted residential districts and exploit them
under some specious claim that others have violated
the restrictions, or business necessities nullified them."

See, also, *McQuade* v. *Wilcox, supra,* where the Mich-
igan cases involving this question are collected.

2. It appears that Mr. Stevens after platting this
subdivision sold a tract of land, across the street from
a part of it, to the Maxwell Motor Company and that
its plant was afterwards erected thereon. Counsel
for defendants urge that Stevens thereby "ruined the
privacy and residential character of the Oakland
avenue section" and that plaintiffs as purchasers from
him are estopped from asserting their rights in equity
under the restrictions. The only allusion we find to
the sale by Stevens is thus stated in the opinion:

"In this case, Stevens, who put the restrictions on
this area, made it possible for the Maxwell plant to
be built across the road, as he was the owner at one
time of said land. He himself helped bring about the
changed condition."

It does not appear when this sale was made. Resi-
dential districts and business districts must necessarily
adjoin each other in cities. The fact that the same
grantor may restrict a certain area and sell another

abutting on it without restriction, cannot, in itself, estop purchasers in the former from enforcing compliance with such restriction.

The decree is affirmed, with costs to appellees.

FELLOWS, C. J., and WIEST, MCDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.