EDWARD MOE, Respondent, *v.* THE BANK OF UNITED STATES, Appellant.

Second Department, January 9, 1925.

**Banks and banking** — action to recover amount of check on German bank — plaintiff purchased check from defendant — motion by plaintiff for summary judgment under Rules of Civil Practice, rule 113 — complaint alleges purchase, presentation, refusal to pay and demand on defendant — affidavit by plaintiff states merely that he heard on going to German bank that it was not paying out money — defendant's affidavit shows sufficient funds — contract executed and cannot be rescinded — action for money had and received will not lie — error to grant plaintiff's motion.

In an action to recover the amount paid by plaintiff for a check from the defendant on a German bank, it was error for the court to grant plaintiff's motion for summary judgment under rule 113 of the Rules of Civil Practice, where the

complaint alleges the purchase of the check, its presentation to the German bank in Berlin for payment, refusal of payment and demand on the defendant for the amount paid for the check, and the plaintiff's affidavit avers that plaintiff went to the German bank and there learned that the bank was not paying out money, but does not aver that he presented the check for payment or state from whom he acquired the information, and the affidavit in defendant's behalf establishes that at the time the check was presented at the German bank the defendant had sufficient funds to its credit to pay the check.

The contract was an executed one and there can be no rescission thereof and no action for money had and received will lie.

APPEAL by the defendant, The Bank of United States, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 7th day of March, 1924, granting plaintiff's motion for summary judgment under rule 113 of the Rules of Civil Practice; and also from a judgment entered in said clerk's office on the 28th day of March, 1924, pursuant to said order.

The complaint alleges, in substance, that the plaintiff purchased from the defendant a check for 100,000,000 German marks, payable by the Deutsche Bank, Berlin, Germany, for which the plaintiff paid the sum of $487.50; that on or about the 24th of July, 1923, the plaintiff presented the said check at the Deutsche Bank, in Berlin, for payment, and that payment thereon was refused; that the plaintiff thereafter, and in the course of the next few days, presented the check several times to the Deutsche Bank for payment, and that payment was refused; that said check was purchased by the plaintiff to be used by him while sojourning in Germany; that plaintiff duly protested to the defendant the non-payment of the check and tendered it to the defendant and duly demanded the return to him of the sum of $487.50, being the sum he had paid for the check; and that defendant refused to accept the check and refused to return the sum paid for it by the plaintiff. Judgment is prayed for in the sum of $487.50, with costs.

The defendant denied any knowledge or information sufficient to form a belief as to whether or not the plaintiff presented the check at any time, or as to whether or not the check had been purchased by the plaintiff for use by him while sojourning in Germany. It admitted that the plaintiff demanded the return of $487.50 from the defendant, and admitted that it refused to return said sum. All the other allegations of the complaint were denied.

The plaintiff then proceeded, on notice of motion, for summary judgment, to present proof, by his affidavit, of the facts which he thought entitled him to such judgment. The affidavit recites the purchase of the check. It states that the plaintiff left for Germany on the 17th of July, 1923, that he arrived in Paris on the twenty-

third of July, and that he arrived in Berlin on the twenty-fourth of July. It then states: " Immediately upon my arrival in Berlin I went to the office of the Deutsche Bank to present the said check for payment, and upon arriving at the office of the said Deutsche Bank on said date I found after waiting around in said banking quarters for several hours that no payments on checks were being made and that no money was being paid out by the said bank. The next day I again went to the office of the Deutsche Bank and went through the same performance, waiting around the office for several hours and discovering that no money was being paid out and that no checks were being honored. The same procedure was followed by me for several days with no better success than my visit to the bank on the first day." The affidavit then sets up that the plaintiff communicated with the American Consular Service in Berlin, requesting aid in the collection of the money, and that he received in reply a letter which stated that the American Consul General could not aid him, and which also stated: " It is felt, however, although the German Banks are at present not in a position to pay out such very large amounts, the arrangements now under consideration will permit of their resuming payment in the near future." The affiant also states that he solicited aid from the American Travel Bureau, conducted by Al. Peters, in the collection of the check, and that as late as August 15, 1923, the Bureau was unable to cash the check. The affiant then proceeds: " Immediately upon my arrival in New York in the month of September I caused the facts of this matter to be brought to the attention of the defendant bank, and demanded the return of the consideration paid for the check. The bank refused to return the same or any part thereof, stating that since their books showed that there was more than a sufficient balance with the Deutsche Bank in Berlin to cover this check during the period I had been there, they could not see any basis for my complaint." The basis of this action is the recovery of the consideration paid for a check, which check was never negotiated.

In opposition, an affidavit by the cashier of the defendant states that on July 13, 1923, the plaintiff purchased from the defendant a certain check drawn on the Deutsche Bank in Berlin for 100,000,000 marks, reading in part as follows: " On presentation of this cheque pay from our credit balance to the order of Edward Moe the sum of 100,000,000 Marks." He states that on the 24th of July, 1923, when plaintiff claims he presented the check for payment, defendant had in the Deutsche Bank a credit balance of a sum exceeding 500,000,000 marks, that said credit was not substantially changed for several weeks thereafter, and that the

defendant will be able to substantiate this upon the trial. The affidavit further states: " No notice of protest was ever received by the defendant showing that the aforesaid check was duly presented and payment demanded and refused, and defendant was never informed by the plaintiff that he did not receive the marks from the German bank until September 7th, 1923. Defendant intends in good faith to produce upon the trial of this action facts showing that it had sufficient credit in the Deutsche Bank to pay any draft drawn against it, and that it never received notice of protest of non-payment."

The learned justice at Special Term, despite the form of the complaint, held that the action was not upon the check, but was an action to recover the amount of money paid for the check, based upon a rescission of the contract.

*B. Hershkopf* [*H. Louis Jacobson* and *Henry W. Pollock* with him on the brief], for the appellant.

*Humphrey J. Lynch,* for the respondent.

KELBY, J.:

On this motion the letters from the American Consular Service, annexed to the affidavit of the plaintiff, and the letter addressed to the American Consul General by Peters, cannot be considered by this court. Their contents are purely hearsay and have, therefore, no probative force. The remaining statement in the affidavit is not helpful. The plaintiff nowhere states that the bank was closed, nor does he formally state that he presented the check at any counter of the bank, nor that he was informed by any one behind any counter of the bank that his check would not be paid.

The check pleaded in the complaint is a foreign bill of exchange, and the transaction described in the complaint was an executed purchase of the foreign bill. The contract being an executed contract, there can be no rescission thereof, and no action for money had and received will lie. (*American Express Co.* v. *Cosmopolitan Trust Co.,* 239 Mass. 249.) In the case just cited this question was clearly decided. There the plaintiff paid $92,500 to the defendant and received from the defendant a draft payable to its order and addressed to Credito Italiano, Genoa, Italy, for the sum of 2,000,000 lire, the maker of the draft being the Cosmopolitan Trust Company. The draft was duly presented to the drawee, and the latter refused to pay because the maker of the draft and the Commissioner of Banks of the Commonwealth of Massachusetts had ordered the drawee not to pay. The instrument was duly protested. The complaint in the action contained

two counts — one for money had and received, $92,500 and interest; and the other count for damages for failure of the defendant to pay, or cause to be paid, on presentment at Genoa, Italy, the check or draft there in suit. The court in its opinion said: " The draft sold is a direction to the foreign correspondent bank to pay to the holder of the draft on demand the sum of money named therein as directed. The transaction was one of purchase and sale. It was not executory, it did not establish a trust or an agency, and it was completed with the delivery of the draft." The first cause of action, for money had and received, was dismissed. To the same effect see *dictum* of the Court of Appeals in *Gravenhorst* v. *Zimmerman* (236 N. Y. 22, 31).

The order granting the plaintiff's motion for summary judgment under rule 113 of the Rules of Civil Practice and the judgment entered thereupon should, therefore, be reversed on the law and the facts, with costs, and the motion for summary judgment denied, with ten dollars costs.

KELLY, P. J., RICH, JAYCOX and YOUNG, JJ., concur.

Order granting plaintiff's motion for summary judgment under rule 113 of the Rules of Civil Practice, and the judgment entered thereupon, reversed on the law and the facts, with costs, and motion for summary judgment denied, with ten dollars costs.