EMPIRE BOULEVARD BLDRS., INC., Appellant, *v.* WILLIAM A. SPOHN and Others, Defendants, Impleaded with ELIZABETH J. KELLY and Others, Respondents.

Second Department, May 27, 1932.

*Clarence G. Bachrach* [*Herman S. Bachrach* and *Samuel S. Bisgyer* with him on the brief], for the appellant.

*Eugene E. Kelly* and *Theodore Witte*, for the respondents Elizabeth J. Kelly and others.

*Franklin M. Tomlin*, for the respondents Henderson.

PER CURIAM. In general, the property on the north side of Second street between Seventh and Eighth avenues in Brooklyn was held by the owners subject to a restrictive covenant imposed thereon in 1891. This covenant by its terms was, among other things, intended to prevent the erection or occupation of any building to be used as an apartment house. (See *McClure* v. *Leaycraft*, 183 N. Y. 36, 40.) The plaintiff in this action seeks to cancel all restrictions on the ground, principally, that the character of the neighborhood has changed and that these restrictions have become obsolete, imposing a great and unnecessary hardship on the vacant lot owned by it and upon which it is proposed to erect an apartment house.

Viewed in its structural aspect, there has been no material

change in this immediate locality; there has been some change in the use of the residence buildings, but without violation of the covenant. Furthermore, all but two of the owners — Kelly and Betts — have entered into mutual releases whereby the restrictive covenant has been removed, and the conveyances of the lands now held by Kelly were never subject to the covenant. Nevertheless, under the circumstances, we think that he has an interest in maintaining the covenant as to property in the vicinity, inasmuch as he has not violated it. His rights, however, are none too clear. (*Vogeler* v. *Alwyn Improvement Corp.*, 247 N. Y. 131, 135; *Hooper* v. *Lottman*, [Tex.] 171 S. W. 270; Pom. Eq. Juris. [4th ed.] § 1696.) The Kelly and Betts properties are the only ones in favor of which the restrictive rights survive. Neither of these properties has been put to any use in violation of the restriction; therefore, Betts, at least, is in a position to enforce it, and his rights have substance. (*Zipp* v. *Barker*, 40 App. Div. 1; affd., 166 N. Y. 621; *Rowland* v. *Miller*, 139 id. 93.)

The property of the Hendersons is the only one entitled to the benefit of the second or " setback " restriction. The validity of that restriction was, in our opinion, established on the trial as a question of fact.

The attitude of the plaintiff, in its pleading and on the trial, was that the original restrictive covenant had become outworn and invalid by the lapse of time and the changes that had occurred in the general locality. There was no offer of consideration and no attempt to prove that the defendants could be adequately compensated, under the circumstances, if the restriction were removed. (*Amerman* v. *Deane*, 132 N. Y. 355; *Lacov* v. *Ocean Ave. Building Corp.*, 257 id. 362; *Doniger* v. *Norton*, 235 App. Div. 704.) As the case stands the judgment must be affirmed; but in view of changing conditions and the small amount of property to which the restrictions apply this judgment should not be deemed to be *res judicata* as to a state of facts likely to arise in the future if further changes occur.

The judgment should be affirmed, with costs.

HAGARTY, CARSWELL and DAVIS, JJ., concur; KAPPER, J., dissents and votes to reverse and to remit the case to the Special Term to determine the compensation that should be paid to the party or parties claiming that their rights would be invaded by the structure proposed to be erected by the plaintiff; LAZANSKY, P. J., not voting.

Judgment affirmed, with costs.