■ A. GEORGE BROWN et al., Appellants, v. GENE WILLIAMS, Respondent. — In an action to enforce alleged restrictive covenants limiting the use of respondent's property to residential purposes, the appeal is from a judgment dismissing the complaint. Judgment unanimously affirmed, with costs. In our

opinion, the court was not precluded from enforcing the alleged restrictive covenants by the proof as to laches (*Todd* v. *North Ave. Holding Corp.*, 121 Misc. 301, 307, affd. 208 App. Div. 854; *Weiss* v. *Mayflower Doughnut Corp.*, 1 N Y 2d 310, 318, 320–321). The appellants were not seeking to enforce a barren right (cf. *Forstmann* v. *Joray Holding Co.*, 244 N. Y. 22, revg. 216 App. Div. 135; see opinion at pp. 140–142 of 216 App. Div.. 135). Nor were they precluded from enforcing the covenants by the proof as to the change in the neighborhood. Viewed in its structural aspect and use, the immediate neighborhood was not undesirable for residential use (*Empire Blvd. Bldrs.* v. *Spohn*, 235 App. Div. 497; *Pagenstecher* v. *Carlson*, 146 App. Div. 738, 740). Nevertheless, the alleged covenants are not enforcible by appellants or other adjoining property owners (*Rouss* v. *Bardwil*, 255 App. Div. 858, affd. 280 N. Y. 737; *Brighton by the Sea* v. *Rivkin*, 201 App. Div. 726; *Kew Gardens Corp.* v. *Ciro's Plaza*, 261 App. Div. 576). Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ. [4 Misc 2d 312.]