■    BLUCHER A. LAWRENCE et al., Respondents, v. NELLIE MULLEN, Appellant.— In an action for a declaratory judgment and injunctive relief, defendant appeals from a judgment of the Supreme Court, Queens County, dated July 9, 1970, which (1) adjudged that plaintiffs be allowed to erect a fence on their property, (2) enjoined defendant from interfering therewith and (3) directed defendant to set back or remove that part of her garage which overhangs plaintiffs' property, namely four inches. Judgment modified, on the law and the facts, by (1) striking therefrom the decretal paragraphs numbered " 1 " and " 3 " and substituting for said paragraph " 1 " a provision declaring that defendant has an easement of right of way over plaintiffs' land for the passage of an automobile from her garage directly to Brinkerhoff Avenue in either direction and that plaintiffs have the right to put up a fence on their property in accordance with all pertinent rules and regulations, but without interfering with or infringing in any manner upon defendant's said right of way, and (2) adding a provision thereto directing an assessment of damages, with an option to defendant of paying the damages as assessed or having the injunction reinstated. As so modified, judgment affirmed, with costs to appellant, and action remitted to the Special Term for further proceedings in accordance with the views expressed herein. Findings of fact are hereby made in accordance therewith. The uncontradicted evidence at the trial established that in 1941 appellant's father built a garage on the property she now owns; that he drove his automobile from the garage to the street and back daily until his death in 1960; and that the distance between the west side of her house and the west boundary line of her property varied from four to six feet, so that an automobile could not exit from her garage to Brinkerhoff Avenue without passing over a portion of the property now owned by respondents. We find that the use of the right of way was open, notorious, uninterrupted and undisputed and that it was therefore presumed to be adverse and under claim of right, thus casting the burden on respondents, as owners of the servient tenement, to show that the user was by license (cf. *Di Leo* v. *Pecksto Holding Corp.*, 304 N. Y. 505, 512). They made no such showing and appellant is consequently entitled to judgment declaring that she has an easement of right of way over respondents' property for the passage of an automobile between her existing garage and Brinkerhoff Avenue (cf. *Rockland Light & Power Co.* v. *City of New York*, 289 N. Y. 45, 51). Appellant acquired no easement with respect to her garage, whose base is wholly off respondents' land, in the absence of proof that it was out of plumb when built in 1941 or that its top had leaned west four inches so as to overhang respondents' property for the 15-year statutory period (cf. *Neale* v. *Seeley*, 47 Barb. 314, 316). There is no evidence that this encroachment was the result of a willful trespass and defendant is therefore entitled to the benefit of equitable principles in her behalf (cf. *Goldbacher* v. *Eggers*, 38 Misc. 36, 39–40). The mandatory injunction directing defendant to set back or remove the encroaching portion of her garage bears heavily on her without benefiting plaintiffs and it therefore should not have been granted (see *McClure* v. *Leaycraft*, 183 N. Y. 36, 44; *Gray* v. *Manhattan Ry. Co.*, 128 N. Y. 499, 509). It appears that an award of damages will adequately compensate plain-

tiffs, the measure of damages being the difference between the value of their property with and without the encroachment (cf. *Jacobus* v. *Willis*, 74 Misc. 591, 593, and cases there cited). The action should therefore be remitted to the Special Term for an assessment of damages, following which defendant should be given the option of (1) paying the amount found as permanent damages in lieu of a judgment for a permanent injunction or (2) having the injunction reinstated (cf. *Haber* v. *Paramount Ice Corp.*, 239 App. Div. 324, 328). Hopkins, Acting P. J., Munder, Shapiro, Gulotta and Benjamin, JJ., concur.