■ ROBERT S. CHRISTOPHER et al., Appellants, v WILLIAM W. ROSSE et al., Respondents. — Appeal from that part of a judgment of the County Court of Saratoga County, entered July 2, 1981, upon a decision of the court at Trial Term (Remsen, J.), without a jury, which, *inter alia,* granted defendants an easement to maintain an encroachment on plaintiffs' property. In 1973, defendants obtained a building permit from the City of Saratoga Springs to erect an addition to their home at 116 York Avenue. Plaintiffs are the owners of 120 York Avenue and their property abuts defendants' property on the west.

A cedar hedge, planted many years ago and long before plaintiffs acquired their property in 1971, stands approximately 18 inches east of their westerly boundary line, which is, of course, the easterly boundary line of defendants. Construction of the addition proceeded intermittently until 1978. Concluding that the addition violated the four-foot setback requirement of the existing city zoning ordinance and also physically encroached upon their westerly boundary, plaintiffs commenced the within action seeking a permanent injunction and compliance with setback requirements pursuant to RPAPL 871. The matter was tried before the court without a jury in April, 1981. In its decision, the court determined that the easterly wall of the Rosse house encroached a maximum of one and three-quarter inches over the westerly boundary of the Christopher property, and the eaves of the roof encroached from 16 inches to 25.2 inches over the westerly line of the Christophers. The judgment entered directed that defendants remove the eaves which encroached upon plaintiffs' property, granted defendants a temporary easement of encroachment pursuant to RPAPL 611, and awarded plaintiffs $1,000 damages for injury to the existing four-foot cedar hedge standing some 18 inches east of the adjoining property line, and for loss of use of the side yard. This appeal by plaintiffs ensued. The statute upon which this action was brought provides as follows: "An action may be maintained by the owner of any legal estate in land for an injunction directing the removal of a structure encroaching on such land. Nothing herein contained shall be construed as limiting the power of the court in such an action to award damages in an appropriate case in lieu of an injunction or to render such other judgment as the facts may justify." (RPAPL 871, subd 1.) Initially, we observe that the facts of this case do not call for the drastic remedy of an injunction and the trial court was correct in refusing to grant such relief (*Medvin v Grauer*, 46 AD2d 912). Nor do we believe removal of the encroaching eaves is dictated under these circumstances (*Lawrence v Mullen*, 40 AD2d 871). Since there is no evidence of any willful action by defendants or that the encroachment emanated from any claim of right, its continued existence cannot be the foundation of any adverse right, as suggested by plaintiffs (*Bellotti v Bickhardt*, 228 NY 296). Accordingly, an appropriate award of damages to plaintiffs would be more equitable than a direction to remove the encroaching eaves together with a conveyance by plaintiffs to defendants of title to a six-inch strip of land along the westerly boundary of plaintiffs' property for maintenance and repair of the previously existing encroaching building (*Corley v Spitzer*, 235 App Div 703; *Goldbacher v Eggers*, 38 Misc 36, affd 82 App Div 637, affd 179 NY 551). Damages should include the reasonable cost of labor and materials to provide removable standing covers or other suitable protection for that part of the cedar hedge upon which the eaves encroach. We disagree with the trial court in its reliance upon the provisions of RPAPL 611 (subd 2) in granting the easement to defendants for the reason that minor encroachments of a structure on adjoining property, where no other structure is involved, are not subject to the provisions of that section (*Bouvier v Segardi*, 112 Misc 689; *Jacobus v Willis*, 74 Misc 591). Finally, we cannot say the trial court's interpretation of the somewhat ambiguous provisions of the city's zoning ordinance was reversible error, nor was its decision to grant defendants' motion to vacate a default previously entered (CPLR 5015, subd [a], par 1; *Griffin Bros. v Yatto*, 68 AD2d 1009). Judgment reversed, on the law and the facts, and matter remitted to the County Court of Saratoga County for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Casey and Levine, JJ., concur; Sweeney, J., not taking part.