■ NORMAN SCHIBUK, Appellant, v PANORAMA FLIGHT SERVICE, INC., Respondent.—In an action to recover damages, *inter alia,* for breach of contract, fraud and negligence, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Ruskin, J.), entered June 27, 1988, as granted those branches of the defendant's motion which were for summary judgment dismissing the first through twelfth causes of action alleged in the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendant's motion which were for summary judgment dismissing the second, fourth, sixth, and eighth causes of action alleged in the complaint, and substituting therefor a provision denying those branches of the defendant's motion, and those causes of action are reinstated; as so modified, the order is affirmed insofar as appealed from, with costs payable to the plaintiff.

In the instant action, the plaintiff sought damages arising out of the alleged faulty repair work performed by the defendant corporation on his airplane.

Since the complaint essentially alleges that the defendant breached its contract to properly repair the plaintiff's plane, the ninth, tenth, eleventh and twelfth causes of action of the complaint, which sound in negligence, were properly dismissed by the Supreme Court *(see, Clark-Fitzpatrick v Long Is. R. R. Co.,* 70 NY2d 382).

Further, the record indicates that the plaintiff has suffered no diminution in the value of his plane nor any expense in obtaining replacement engines, since the manufacturer, Aviall Mattituck Co. (hereinafter Aviall), installed new engines un-

der a warranty. Accordingly, the first, third, fifth and seventh causes of action were also properly dismissed.

With respect to the plaintiff's claim for repair and servicing expenses in the amount of $3,000, as alleged in the fourth and eighth causes of action of the complaint, the defendant alleged that the plaintiff had been reimbursed for this sum by Aviall. However, the record indicates that the defendant's allegation is based on hearsay and thus is insufficient to support its motion for summary judgment *(Bodin v Kinne,* 128 AD2d 931). Accordingly, these causes of action must be reinstated.

Finally, it was error to grant those branches of the defendant's motion which were for summary judgment dismissing the second and sixth causes of action which seek "lease" and insurance expenses *(see, Motor Vehicle Mfrs. Assn. v State of New York,* 75 NY2d 175, 183; *Orbit Holding Corp. v Anthony Hotel Corp.,* 121 AD2d 311; *Salm v Sammito,* 111 AD2d 844, *affd* 66 NY2d 661). Mangano, P. J., Bracken, Kunzeman and Harwood, JJ., concur.