■ TOWN OF FISHKILL, Appellant, v TIMOTHY J. TURNER et al., Respondents. [876 NYS2d 92]—

In an action, inter alia, pursuant to RPAPL 871 for an injunction compelling the defendants to remove a fence allegedly encroaching on the plaintiff's real property, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Sproat, J.), dated November 5, 2007, which denied that branch of its motion which was for summary judgment on the complaint and, in effect, denied, as academic, that branch of its motion which was for summary judgment dismissing the counterclaim.

Ordered that the order is modified, on the law, by deleting the provision thereof which, in effect, denied, as academic, that branch of the plaintiff's motion which was for summary judgment dismissing the counterclaim; as so modified, the order is affirmed, with costs to the defendants, and the matter is remitted to the Supreme Court, Dutchess County, to determine that branch of the motion on the merits.

This is an action, inter alia, by the Town of Fishkill pursuant to RPAPL 871, for an injunction compelling the defendants to

remove a fence allegedly encroaching on the right of way of a Town highway. In support of that branch of its motion which was for summary judgment on the complaint, the Town demonstrated that the defendants' fence encroached between 8.3 feet and 9.35 feet onto its land, along a line situated between the edge of the roadway pavement and the defendants' property line, a fact which the defendants acknowledged. Contrary to the Supreme Court's finding, this encroachment was, as a matter of law, not de minimis (*cf. Hoffmann Invs. Corp. v Yuval,* 33 AD3d 511, 512 [2006]; *Wing Ming Props. [U.S.A.] v Mott Operating Corp.,* 172 AD2d 301, 301-302 [1991]; *Generalow v Steinberger,* 131 AD2d 634, 635 [1987]). In order to obtain the injunctive relief it seeks, however, the Town was required to demonstrate not only the existence of the encroachment, but that the benefit to be gained by compelling its removal would outweigh the harm that would result to the defendants from granting such relief (*see* RPAPL 871; *Medvin v Grauer,* 46 AD2d 912 [1974]; *Lawrence v Mullen,* 40 AD2d 871 [1972]). The only evidence submitted by the Town to establish that the balance of equities weighs in its favor was a copy of a letter from the Town's Building Inspector to the defendants, stating that the Town's Highway Superintendent had determined that the encroachment impeded snow plow operations on the road. Such hearsay was insufficient to establish the Town's prima facie entitlement to judgment as a matter of law (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Kramer v Oil Servs., Inc.,* 56 AD3d 730 [2008]; *Schibuk v Panorama Flight Serv.,* 161 AD2d 756, 757 [1990]; *Moe v Bank of U.S.,* 211 App Div 519, 522 [1925]).

Although Highway Law § 319 obligates the owner or occupant of land situated along a highway to remove obstructions, including fences, that they have placed there, the remedy it provides is not the injunction that the Town seeks here (*see Rozell v Andrews,* 103 NY 150, 151 [1886]), but the removal of the obstruction by the Highway Superintendent after giving the required notice to the owner or occupant (*see* Highway Law § 319 [2]). As a result, the Town failed to demonstrate its prima facie entitlement to judgment as a matter of law with respect to the complaint. The Supreme Court, therefore, properly denied that branch of the Town's motion which was for summary judgment on the complaint (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]), without regard to the sufficiency of the papers submitted by the defendants in opposition to that branch of the motion.

Since the Supreme Court did not consider the merits of that branch of the Town's motion which was for summary judgment

dismissing the counterclaim alleging selective enforcement, we remit the matter to the Supreme Court, Dutchess County, for a determination of that branch of the motion on the merits. Spolzino, J.P., Dillon, Florio and Angiolillo, JJ., concur.