■ DAVID BROSER, Respondent, v CLARK SCHUBACH et al., Appellants. [925 NYS2d 875]—

In an action, inter alia, for a judgment declaring that the plaintiff is the owner of certain real property by adverse possession, the plaintiff appeals from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered August 2, 2010, which denied his motion for summary judgment dismissing the defendants' counterclaims.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the plaintiff's motion for summary judgment dismissing the defendants' counterclaims. With regard to so much of the second counterclaim as, in effect, was pursuant to RPAPL 871 for an injunction compelling the plaintiff to remove a fence allegedly encroaching on the defendants' real property, the plaintiff failed to establish, prima facie, that the encroachment was de minimis (cf. *Hoffmann Invs. Corp. v Yuval*, 33 AD3d 511, 512 [2006]; *Generalow v Steinberger*, 131 AD2d 634, 635 [1987]), or that the harm that would result to him by compelling its removal would outweigh the benefit to be gained by the defendants by granting that relief (see RPAPL 871; *Marsh v Hogan*, 81 AD3d 1241, 1242 [2011]; *Town of Fishkill v Turner*, 60 AD3d 932, 933 [2009]). The plaintiff's remaining contentions are without merit. Accordingly, the Supreme Court properly denied his motion for summary judgment dismissing the defendants' counterclaims, without regard to the sufficiency of the defendants' opposition papers (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Skelos, J.P., Covello, Balkin and Austin, JJ., concur.