## GUTTING et al. v. EIERMANN.

(Supreme Court, Appellate Division, Second Department.   November 6, 1914.)

COVENANTS (§ 73*)—RESTRICTIONS—MODIFICATIONS.

  Where, upon the sale of lots in a residential subdivision, restrictive covenants which were stated to be for the benefit of all purchasers were imposed, the grantor, having sold the whole tract, cannot release lots from the restrictions, for the covenants were not personal, or for the benefit of the grantor, but were for the benefit of the purchasers.

  [Ed. Note.—For other cases, see Covenants, Cent. Dig. § 74; Dec. Dig. § 73.*]

Appeal from Special Term, Queens County.

Action by Gustave A. Gutting and others against Othilda Eiermann. From a judgment for plaintiffs, defendant appeals.   Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

James A. Sheehan, of Brooklyn, for appellant.
Robert P. Beyer, of New York City, for respondents.

PER CURIAM.   The terms of the restrictive covenants created in the laying out and sales of the building lots in Forest Park East were not for the personal benefit of Mr. Archer, the original grantor, but by their expressed terms were also "for the use of each and all the persons who may purchase or derive title through or from them to any part of the tracts of land laid down on the aforesaid map."   Hence they were designed to secure a residential neighborhood for the common advantage of the several purchasers.   Mr. Archer's sale of the entire tract which he had thus restricted ended his interest in these covenants.   In re Birmingham & District Land Co. [1893] 1 Chan. 342; McDougall v. Schneider, 134 App. Div. 208, 118 N. Y. Supp. 861; White v. Moore, 161 App. Div. 400, 146 N. Y. Supp. 593; Thompson v. Diller, 161 App. Div. 98, 146 N. Y. Supp. 438.   Therefore Mr. Archer's attempt to modify these covenants after he had disposed of the lots and become a stranger to the title was nugatory as to the other lot owners, who had purchased on the faith of these restrictions.   Such a release would in effect destroy the value of the lots sold, by authorizing a use of a part of the estate for a purpose inconsistent with the restriction by which Mr. Archer had professed to bind the whole.

The judgment is therefore affirmed, with costs.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes