JACOB UNGAR, an Infant, by ROBERT UNGAR, His Guardian ad Litem, Appellant, v. BLAKE WET WASH LAUNDRY Co., INC., Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion. Blackmar, P. J., Kelly, Jaycox, Kelby and Young, JJ., concur.

KATHERINE A. WARD and MATILDA A. WARD, Respondents, v. JAMES A. MCCARTHY, Appellant.— The common grantor, the West Rockaway Land Company, was without power, by subsequent action, to change or modify the written terms of the covenant contained in its deeds to the premises in question, after it had parted with the title thereto. (*Gutting* v. *Eiermann*, 165 App. Div. 916.) It follows that the judgment must be reversed upon the law, and the complaint dismissed, with costs. Findings of fact numbers 5, 15, 16, 17, 19 and 20, and conclusions of law numbers 1 and 2 are reversed, and in their place and stead the following are found: Findings 10, 11, 12, 13 and 14 of defendant's proposed findings of fact, and the following conclusions of law: (1) That the common grantor, the West Rockaway Land Company, was without power to alter or modify the terms of the written covenant contained in prior deeds to the premises owned by plaintiffs and defendant, after it had parted with the title thereto. (2) The complaint is dismissed, with costs to defendant. Blackmar, P. J., Rich, Jaycox and Young, JJ., concur; Kelly, J., dissents. Settle order on notice.

LOUIS WIENER, Respondent, Appellant, v. NEUSTADTER BROTHERS, INC., Appellant, Respondent.— Judgment and order unanimously affirmed, without costs. No opinion. Present — Blackmar, P. J., Rich, Jaycox, Kelby and Young, JJ.

LENA WOOLFF and Others, as Administrators, etc., of MORRIS WOOLFF, Deceased, Appellants, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Respondent.— Judgment reversed on the law and new trial granted, with costs to abide the event. We are of opinion that it sufficiently appears that the court intended to charge the jury, at folio 464, that if the crossing bell was ringing the plaintiff could not recover, and the jury must have so understood it; whereas it appears in the evidence that the north-bound train standing at the station would cause the bell to ring; and it further appears from the testimony that it was the custom while the bell was ringing to raise the gates and permit people to cross. In view of this evidence it was error of law to charge as requested by defendant. Blackmar, P. J., Kelly and Jaycox, JJ., concur; Rich and Kelby, JJ., dissent.

BERTHA WULSTEIN, Appellant, v. HENRY WULSTEIN, Individually and as Trustee, etc., Respondent, and Others, Defendants.— Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, on the ground that defendant's motion for a new trial was not made within the time limited to take an appeal from the judgment as provided in section 1002 of the Code of Civil Procedure, or section 552 of the Civil Practice Act, and that the court at Special Term was without power to extend the time so limited. This reversal, however, is made without prejudice to defendants' right to move for a new trial upon newly-discovered evidence, or to make such a motion in this court upon exceptions pursuant to section 1001 of the Code of Civil Procedure and section 551 of the Civil Practice Act. Blackmar, P. J., Kelly, Jaycox, Kelby and Young, JJ., concur.