of the hatch, one of the links of the chain sling, to wit, the one which held the hook, known as the crown link, suddenly broke, precipitating the rails into the hatch and causing the injury to the plaintiff.

*Harold R. Medina* and *C. Fuller Williams* for appellant.

*E. C. Sherwood* and *Clarence S. Zipp* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

KATHERINE A. WARD et al., Appellants, *v.* JAMES A. McCARTHY, Respondent.

*Real property — restrictive covenants — common grantor without power to change terms of covenants in deeds after it parted with title.*

*Ward* v. *McCarthy*, 202 App. Div. 849, affirmed.

(Argued March 19, 1923; decided April 17, 1923.)

APPEAL from a judgment, entered August 25, 1922, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint. The action was to enjoin the defendant from erecting three one-story bungalows on his land directly opposite land of the plaintiff upon the ground that the erection of such structures would be a violation of restrictive covenants and negative reciprocal easements governing both properties. It appeared that it was not until after the sale by the common grantor of the lots now owned by the plaintiffs and defendant that any consideration was given to restrictions against one-story dwellings. The Appellate Division held that the common grantor was without power by subsequent action to change or modify the written terms of the covenant contained in its deeds to the premises in question after it had parted with the title thereto.

*John C. Judge* for appellants.

*Cyrus S. Jullien* and *Joseph M. O'Shea* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

WALTER SMITH, Appellant, *v.* ANNIE RECKART, Respondent.

*Negligence — trespass — licensee — owner of premises on which she maintains a clothes pole not liable to employee of neighbor who attempts to climb pole to attach a line thereto without her permission where he is injured through fall of pole.*

*Smith* v. *Reckart*, 203 App. Div. 888, affirmed.

(Argued March 19, 1923; decided April 17, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 16, 1922, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. Plaintiff maintained on her premises a pole to which were attached clothes lines. A tenant of a building abutting defendant's premises in the rear had without permission affixed a line to defendant's pole and it requiring repairs employed plaintiff for that purpose As he was climbing the pole it fell and he received the injuries complained of. The complaint was dismissed upon the ground that plaintiff was a trespasser or at most a mere licensee to whom defendant owed no active duty of care.

*Lyman A. Spalding, Theodore H. Lord* and *Charles Novello* for appellant.

*Alfred W. Meldon* and *Joseph Force Crater* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.