JOSEPH PREM, Respondent, v. MAX RADKE and Another,
                          Appellants.

                   Second Department, October 11, 1923.

Deeds — restrictive covenants — corporation owner divided tract into
   lots and filed map with restrictions — restrictive covenants run with
   land.

Where a corporation which originally owned certain land divided the tract into
   lots according to a map, and filed the map with a declaration of restrictions,
   and thereafter sold the lots according to the map and restrictions, the restrictive
   covenants run with the land and the violation thereof may be restrained at the
   suit of one who owns a part of the property.
JAYCOX, J., dissents.

APPEAL by the defendants, Max Radke and another, from a
judgment of the Supreme Court in favor of the plaintiff, entered in
the office of the clerk of the county of Queens on the 9th day of
August, 1922, upon the decision of the court, rendered after a trial
at the Queens Special Term, restraining the defendants from erect-
ing or maintaining on certain premises any building in violation of
a building line restriction contained in a deed.

   Albert C. Aubery, for the appellants.

   Raphael Blank [Sidney S. Lesser with him on the brief], for the
respondent.

PER CURIAM:
   The defendants' sole contention on the trial of this action was
that the character of the neighborhood had so materially changed
from what was intended at the time the restrictions were made
that there was no violation of the same.   This claim was found by
the trial judge to be entirely without merit and an injunction was
granted enjoining the erection of the building and ordering the
removal of such portion of the same as had been erected upon the
property.   Upon the appeal before this court the defendants set
up an entirely new theory, and now contend that the covenant in
the original deeds was a personal one, instead of a covenant run-
ning with the land, and, therefore, it was not enforcible by any
owner of the lots which the grantor had conveyed.
   We think the evidence here discloses that when the corporation
which originally owned the land divided the tract into lots accord-
ing to a map, and filed this map with a declaration of restrictions,
and thereafter sold lots according to the map and restrictions,
it limited not only the construction of buildings but their main-
tenance.   The violation of the restrictive covenant may, therefore,

be restrained at the suit of one who owns property or for whose benefit the restriction was established, it being settled that where a uniform plan of improvement restricting the use to which each parcel of a tract can be put is adopted, and parcels are sold with reference thereto, mutual negative easements are created irrespective of the order of the conveyances. The clear intent of the parties, to be gathered from the restrictions, is that they were not at all personal to the original grantor, but rather were for the use of each and all subsequent purchasers who might purchase or derive title through or from them to any part of the land laid down on the map as filed. After the original grantor had disposed of its interest in the property no right remained in the grantor to destroy the effect of the restrictions. (See *Gutting* v. *Eiermann*, 165 App. Div. 916, and cases cited.)

The judgment should be affirmed, with costs.

KELLY, P. J., MANNING, YOUNG and KAPPER, JJ., concur; JAYCOX, J., dissents upon the ground that the covenant was personal, and did not run with the land; that the right to enforce the same was vested in the grantor only.

Judgment affirmed, with costs.