GEORGE W. CHAMBERS, Appellant and Respondent, *v.* THE STATE OF NEW YORK, Respondent and Appellant.

*State — contract — claim for extra work — improper basis of award.*

*Chambers* v. *State of New York*, 220 App. Div. 797, affirmed.
(Argued October 24, 1927; decided November 22, 1927.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 18, 1927, modifying and affirming as modified a judgment in favor of claimant entered upon an award of the Court of Claims. The claim was for alleged extra work required to be performed in connection with a contract for public work. The Appellate Division held that claimant was entitled to recover on the basis of the contract prices instead of the fair and reasonable value of the work as awarded by the Court of Claims.

*James E. Cuff* for claimant, appellant and respondent.
*Albert Ottinger, Attorney-General (James Gibson* of counsel), for respondent and appellant.

Judgment affirmed, without costs; no opinion.
Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ. Not sitting: KELLOGG, J.

---

WALTER PIERSON, Appellant, *v.* RELLSTAB BROTHERS, INC., Respondent.

*Real property — covenants — action to enjoin conversion of building into apartment house — complaint properly dismissed.*

*Pierson* v. *Rellstab Bros., Inc.,* 219 App. Div. 552, affirmed.
(Argued October 24, 1927; decided November 22, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 25, 1927, unanimously affirming a judgment in favor of defendant entered upon

a dismissal of the complaint by the court on trial at Special Term. The action was .brought to enjoin the alteration of a building in the city of New Rochelle into an apartment house on the ground that such use of the premises was violative of a restrictive covenant. The restriction prohibited the erection on said lot of any building other than one house to be used only as a dwelling except the usual outhouses. The trial court held that defendant's altered building did not violate this covenant,

*John H. Jackson* and *William A. Moore* for appellant. *Frederick P. Close, George L. Kettner* and *John R. Bushong* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ. Not sitting: KELLOGG, J.

---

HARRY L. ALLEN, as Trustee in Bankruptcy of the AMERICAN RAILWAY BROTHERHOOD ASSOCIATION, INC., Respondent, *v.* D. MATTHEW RYAN, Appellant.

*Corporations — stocks and stockholders — action by trustee of bankrupt corporation to recover unpaid subscription for stock.*

*Allen* v. *Ryan,* 219 App. Div. 634, affirmed.

(Argued October 24, 1927; decided November 22, 1927.)

APPEAL from a judgment, entered March 8, 1927, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury and directing judgment in favor of plaintiff. The action was to recover the balance of an unpaid subscription for stock in the American Railway Brotherhood Association, Inc. Defendant had subscribed for twenty shares and paid ten per cent of the par value of the stock. He contended that there could be no recovery in this action because the corporation was bankrupt and a stock certificate could not be issued and if issued it would be worthless.

39