HERBERT C. HELLER et al., Plaintiffs, v. SARAH SELTZER et al., Defendants.

Supreme Court, Special Term, New York County, January 17, 1947.

*Samuel B. Seidel* for plaintiffs.

*David Feifer* for Sarah Seltzer, defendant.

*Joshua Freiberger* for Shangri-La Estates, Inc., defendant.

*Sigmund Moses* and *Stephen L. Hoffman* for Hermina Realty Corp., defendant.

*George S. Mittendorf* for 47 East 74th Street Corporation, defendant.

GAVAGAN, J. This is an action for an injunction restraining defendants from alleged violation of a restrictive covenant and directing them to demolish or "reconvert for proper occupancy" such buildings as are claimed to violate the covenant in their present form.

The covenant, dated April 10, 1893, purports to affect nineteen buildings on the north and south sides of East 74th Street between Madison and Park Avenues. The four defendants own five of the nineteen parcels. Eight property owners have refrained from joining the remaining six who are the present plaintiffs.

The only portion of the covenant which is claimed to apply here is the prohibition against "any apartment house, flats or tenement house, hotel, hospital or asylum." It is to be noted that there is no express restriction to private residences or dwellings to be used by one family only. Indeed, the brief submitted by plaintiff's attorneys concedes in effect, that a two-family house would probably not violate the covenant: "They wanted one family, or at the most two, per house." The question presented is whether the covenant prohibits the alteration of the old-fashioned mansions and dwellings into modernized multiple-family dwellings or residences whose outward appearance is in keeping with the previous residential character of the buildings affected by the covenant. The only real difference between the buildings converted or whose conversion is planned by the defendants and the original residences is that the converted buildings are designed for the use of a number of families.

Plaintiff's brief admits that "The 'converted dwelling' of the type maintained by the defendants did not appear until a quarter of a century after the covenant was made." The situation is, therefore, fairly analogous to that which obtained in *Kitching* v. *Brown* (180 N. Y. 414). The covenant in that case, as in the case at bar, did not restrict the affected property to a private residence or a private dwelling. It did prohibit the erection of tenement houses. The Court of Appeals held this covenant did not prohibit the building of apartment houses which were unknown at the time the covenant was entered into, notwithstanding the fact that apartment houses like tenement houses were multiple-family dwellings and the difference between them was only one of degree. The court emphasized that (p. 427) " this is a restrictive covenant which *is in derogation of the common-law right to use land for all the lawful purposes that go with title and possession, and that such covenants are not to be extended by implication."* (Italics supplied.)

Had it been the intention of the parties to the covenant in the instant case to prohibit multiple-family dwellings regardless of their size or appearance or to limit the use of one- or two-family dwellings, that intention could easily have been expressed in the covenant. There is, however, not even a suggestion of a purpose to limit the number of families who might occupy any of the affected buildings, except insofar as such a purpose might be implied from the prohibition of apartment houses, flats, tenement houses and hotels. But this restriction is not necessarily inconsistent with the possibility that what was intended to prohibit was not multiple-family dwellings as such, but rather multiple-family dwellings which partake of the character of apartment houses, flats, tenement houses, or hotels, as to bulk, height, and other attributes. Bearing in mind the ease with which an intention to limit the number of families occupying the buildings could have been expressed and the rule that " such covenants are not to be extended by implication " (*Kitching* v. *Brown, supra,* p. 429), this court is of the opinion that the covenant here under consideration does not prohibit the *conversion* of the original residences into modernized multiple-dwellings of the same height and of the same general residential appearance as their predecessors.

Even if the view be taken that the restrictive covenant is broad enough to prohibit the use of any of the properties affected thereby as converted multiple-family dwellings, the complaint must nevertheless be dismissed. The evidence

establishes to the satisfaction of the court that there has been such a substantial change in the character of the neighborhood that the restrictive area is no longer reasonably useful for the limited uses permitted by the covenant. (See *Forstmann* v. *Joray Holding Co., Inc.*, 244 N. Y. 22; *McClure* v. *Leaycraft*, 183 N. Y. 36; *Trustees of Columbia College* v. *Thacher*, 87 N. Y. 311.)

As to the defendants Seltzer and Hermina Realty Corp., there is an additional ground for a judgment against the plaintiffs, viz., the fact that plaintiffs have permitted said defendants to reconvert the buildings on their premises to multiple-family dwellings without any objection on their part although the work involved in the alterations was open and notorious.

For the reasons indicated, judgment is directed in favor of the defendants.