Harry E. Sohiriok, J.
This is an action for an injunction restraining the defendant from erecting a gasoline station upon its premises on the ground that it would violate the terms of a restrictive covenant thereon. Several motions have been made by the respective parties but in view of the conclusion herein reached they need not all be decided.
In the opinion of the court it is only the 1939 restriction set forth in paragraph 8 of the complaint which has any legal effect. The 1949 restriction imposed by agreement executed by a person who had no title is of no force (Ward v. McCarthy, 202 App. Div. 849, affd. 235 N. Y. 615; Gutting v. Eiermann, 165 App. Div. 916).
The 1939 restriction is as follows: 1 ‘ This conveyance is made subject to the following restrictions and conditions which form part of the conveyance upon the said grantee and upon his heirs and assigns, immediate and remote, to wit: That the said premises shall not be sold, nor leased, nor occupied by any person other than the Caucasian race and that no tent, barn, garage, or any other outbuildings shall be erected on any part thereof, except in the rear, and that such structure shall only be built at the same time or after as a dwelling house has been erected on the front part of the premises in accordance with the building restrictions herein contained and that no sign or bill board shall be placed on any part of the said premises; and that only ornamental iron or wire fence, not over 4 ft. in height shall be constructed around the said premises; and that only *171 a single dwelling house and appurtenances thereto costing not less than $3,000 shall be erected on the said premises; and that the foundation walls of such dwelling shall not be place [sic] nearer than 10 ft. from the side lines of said premises, and that no building or other structure or any part of such building shall be erected on said premises nearer than 50 ft. from the front line thereof. Strict compliance with such restrictions and conditions may be enforced by the said party of the first part or by anyone claiming under him by an action in the Supreme Court of the State of New York and in any action an injunction may be granted or [sic] a matter of light restricting any violation of the said restrictions and conditions and the restrictions shall run with the land.”
It is conceded that despite such restriction a total of four dwellings has been erected on the property. The character of the land has thereby been 'so changed as to render the covenant inapplicable (Schultheis v. Wohlleb, 231 App. Div. 851). It is doubtful moreover whether a restriction “that only a single dwelling house and appurtenances thereto costing not less than $3,000 shall be erected on the said premises ” can be construed to prohibit the erection of a gas station. It has been held that a restrictive covenant “is in derogation of the common-law right to use land for all the lawful purposes that go with title and possession, and that such covenants are not to be extended by implication.” (Kitching v. Brown, 180 N. Y. 414, 427; see, also, Pierson v. Rellstab Bros., 219 App. Div. 552, affd. 246 N. Y. 608; Heller v. Seltzer, 188 Misc. 574; Shaddock v. Walters, 55 N. Y. S. 2d 635.) Plaintiff is accordingly not entitled to an injunction as demanded in the complaint.
Defendant’s motion for summary judgment is granted.