■ LEAH MANDEL et al., On Behalf of Themselves and all Other Lot Owners of Putnam Park Colony, Respondents, v. PEARL OREMLAND, Appellant.— In an injunction action by three property owners in Putnam Park Colony, at Lake Hollowbrook in the Town of Cortlandt, Westchester County, against defendant, another such property owner, to compel her to remove a garage which she erected upon her property in violation of a uniform restrictive covenant contained in all deeds to lots within the Colony, the defendant appeals from a judgment of the Supreme Court, Westchester County, entered February 14, 1964 after a nonjury trial, upon the court's written decision in plaintiffs' favor, granting the injunction and directing removal of the garage (if not entirely demolished) to a location on defendant's lot in conformity with the terms of the covenant. Judgment reversed on the law and the facts, without costs, and complaint dismissed, without costs. Findings of fact contained in the decision of the trial court which may be inconsistent herewith are reversed

and new findings are made as indicated herein. It appears that the restrictive covenant in question will expire on January 1, 1965 — about two months from the date of this decision; that immediately thereafter the garage could be lawfully restored to its present position; and that the injury to plaintiffs by reason of the location of the garage in its present position is not serious or substantial, whereas to now compel the defendant to remove the garage to another location or to demolish it would subject her to great inconvenience and loss. Under the circumstances, an injunction should not be granted, despite the clear violation of the restrictive covenant (*Forstmann* v. *Joray Holding Co.*, 244 N. Y. 22). Nor, under the circumstances here, is a new trial required with respect to the plaintiffs' damages. Plaintiffs made no attempt to prove any monetary damages suffered by them by reason of the location of the garage in violation of the restrictive covenant, although under the allegations of their complaint and prayer for relief they were entitled to claim such damages. Hence, another trial to give plaintiffs a further opportunity to establish damages, which are not substantial in any event, is not justified and the complaint should be dismissed. (For prior related appeals, see *Mandel* v. *Oremland*, 18 A D 2d 1139; *Matter of Mandel* [*Hollowbrook Lake Assn.*], 9 N Y 2d 821.) Beldock, P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.