James H. O ’Connor, J.
This action was brought by the plaintiff to secure an injunction, ordering and directing that the defendant, Railway Express Agency, Inc., remove any. and every portion of its building situated in the Town of DeWitt, County of Onondaga and State of New York, which is located within 100 feet of the center line of Court Street. The complaint' in said action alleges and asks for a mandatory injunction for violation of a setback restriction contained in a deed to the defendant, Railway Express Agency, Inc. At the trial of said action the plaintiff’s counsel stated for the record that the plaintiff was not seeking money damages for breach of' the restrictive covenant but was limiting the relief requested to an injunction.
The facts concerning the instant action are few and basically uncontroverted. The defendant, Railway Express Agency, Inc., by deed dated November 16, 1961 and recorded in Onondaga County Clerk’s office in Book of Deeds 2069, page 213, etc., acquired a parcel of land situated, in the Town of DeWitt, County of Onondaga, State of New York. This parcel of land was bounded on the south by Court Street and on the west by the premises of the plaintiff. The parcel of land so acquired by *1001 defendant, Railway Express Agency, Inc., had approximately 284.50 feet frontage on the north line of Court Street. The aforesaid deed contained the following restrictive covenant: “ that no building of any kind shall be erected upon said premises less than 100 feet from the center line of Court Street as it now exists, except that the erection of a guard house shall be permitted nearer than 100 feet from the center line of said Court Street.”
In late November, 1961, the defendant, Railway Express Agency, Inc., started the construction of a modern office building and warehouse on the premises acquired. The field work was completed in March of 1962 and the entire building was finished on June 27, 1962. The defendant corporation moved into the building on August 25, 1962.
Prior to the construction of the defendant, Railway Express Agency, Inc.’s building, plans and specifications were prepared. The plans indicated that the building would be located at the required 100 feet from the center line of Court Street. For some unexplained reason, the stakes weré set at a distance of 80 feet from the center line of Court Street and the excavation work and construction of the building proceeded from that point. On September 17,1962, defendant, Railway Express Agency, Inc.’s manager learned of the violation through defendant’s general solicitor. Immediately, the manager of the defendant, Railway Express Agency, Inc., called upon the chairman of the board of the plaintiff corporation for purposes of securing a release from the restrictive covenant. The chairman of the board of the plaintiff corporation indicated that he had first learned of the violation of the setback restriction only a few days before from the defendant corporation’s New York office. Shortly thereafter this action for mandatory injunction was commenced.
Testimony was received at the trial that the plaintiff’s building is located immediately to the west of the defendant, Railway Express Agency, Inc.’s building and is separated from the defendant’s premises by Ridings Road. Moreover, the plaintiff’s1 building is set back approximately 145 feet from the center line of Court Street, a distance of 45 feet more, than required by the restrictive covenant.
There was further testimony that the cost of demolishing the front, of the defendant’s building and for the reconstruction of the building to substitute the area lost by the demolition would be approximately $135,000. This figure includes a cost of $35,-000 for the demolition of the portion of the defendant’s building which violates the covenant.
*1002 There was no testimony at the trial by the plaintiff which showed in what manner or to what degree the plaintiff has sustained injury as a result of the violation. However, there was testimony received at the trial that the market value of plaintiff’s property has not decreased as a result of the violation; that the utility of plaintiff’s building has not been jeopardized and that the esthetic value of the plaintiff’s property and the surrounding area has not been materially affected" by the violation. In fact, testimony by real estate appraisers indicated that property values in the area had appreciated.
This court holds as a fact that there was a violation of the restrictive covenant in that defendant, Railway Express Agency, Inc.’s building was located 80 feet north of the center line of Court Street. This court further holds that the plaintiff is a proper party to bring an action to obtain redress for the breach since the plaintiff was the original grantor of the premises in question and inserted in the original deed the restriction which this court holds to have been breached.
However, the issue presented must be decided according to settled equitable principles. Moreover, each case must be decided according to the facts and circumstances surrounding it. It was stated in Whalen v. Union Bag and Paper Co. (208 N. Y. 1, 4) in which case the plaintiff was seeking to protect by mandatory injunction a legal right injured by a continuing trespass: “ It is not safe to attempt to lay down any hard and fast rule for the guidance of courts of equity in determining when an injunction shall issue ”.
This same thought was set forth in the case of McCann v. Chasm Power Co. (211 N. Y. 301, 305) where the court said: “ The ownership of a property will be protected unless there are other considerations which forbid, as inequitable, the remedy of the prohibitive or mandatory injunction. A court of equity can never be justified in making an inequitable decree. If the protection of a legal right even would do a plaintiff but comparatively little good and would produce great public or private hardship, equity will withhold its discreet and beneficent hand and remit the plaintiff to his legal rights and remedies.”
Therefore, the courts have refused to grant an injunction for violation of a restrictive covenant when the neighborhood has so altered that the ends to be attained by the restriction have been frustrated by it. (Trustees of Columbia Coll. v. Thacher, 87 N. Y. 311; McClure v. Leay craft, 183 N. Y. 36.) The underlying reason for denial of the injunction in these eases is stated in the case of McClure v. Leay craft (supra). While the issue involved in that case concerned a change of circumstances in a *1003 neighborhood, the reason for the denial was stated in a broader principle. The court stated (p. 44): ‘ ‘ If the building restriction were of substantial value to the dominant estate, a court of equity might enforce it even if the result would be a serious injury to the servient estate, but it will not extend its strong right arm to harm one party without helping the other, for that would be unjust. An injunction that bears heavily on the defendant without benefiting the plaintiff will always be withheld as oppressive.”
The facts and circumstances involved in the instant case more closely parallel the facts in the case of Forstmann v. Joray Holding Co. (244 N. Y. 22). In that case an action was brought to obtain a mandatory injunction requiring the defendant to remove a two-story business building erected by the defendant on a lot in the City of New York. The restriction violated prevented the erection of any structure except a one-family dwelling. The court listed many elements. which controlled the disposition of the case. The question whether the enforcement of the covenant would substantially harm the defendant without any substantial benefit to the plaintiff was raised. The court indicated that an injunction will be withheld as oppressive when it appears that the injury is not serious or substantial and that the actions complained of would subject the. other party to great inconvenience or loss. The court found that the destruction of the defendant’s property would add nothing to the value of the plaintiff’s property; that the use to which it was put was neither noisy nor offensive and that the beauty and harmony of the immediate surroundings were not injuriously affected thereby. Thus the court (p. 32) in the exercise of its own discretion decided that it would be inequitable to grant injunctive relief for the reason that it would “ bear heavily on the defendants without benefitting the plaintiffs. ’ ’
Applying this reasoning to the evidence before this court, it is impossible to find what benefit would accrue to the plaintiff by the destruction of that part of the defendant, Railway Express Agency, Inc.’s building which violated the setback restriction. Certainly the plaintiff is not claiming that its view was obstructed since the plaintiff corporation purposely placed its own building some 45 feet north of the required setback- line. Moreover, there is no claim that plaintiff’s use of light and air has been restricted nor any use to which plaintiff puts its premises. .Since there is no substantial benefit to the plaintiff by the destruction of the defendant, Railway Express Agency, Inc.’s building, and there is a decided financial detriment to the defendant, Railway Express Agency, Inc., to compel it to remove *1004 the building, the principle enunciated above does guide this court in refusing the injunction. The courts are extremely cautious in issuing mandatory injunctions when the removal or destruction of a building is the object thereof. (See Maspeth Branch Realty v. Waldbaum, Inc., 20 A D 2d 896, 899; Evangelical Lutheran Church v. Sahlem, 254 N. Y. 161, 167; Mandel v. Oremland, 22 A D 2d 794, 795.)
There is an additional reason for denying the relief requested herein. It is this court’s finding that the plaintiff was guilty of laches. The testimony at the trial indicated that the construction started no later than March of 1962 and continued uninterruptedly until the building was completed on June 27, 1962. For a period of three months the plaintiff corporation had at least constructive knowledge of the fact that the defendant, Railway Express Agency, Inc.’s building, was closer to the street than any other structure upon which the restriction had been imposed. The plaintiff cannot take refuge in the fact that actual notice of violation occurred through information revealed to it by defendant, Railway Express Agency, Inc., itself. The plaintiff corporation knew or was presumed to know of the restrictive covenant in the deeds which the plaintiff corporation had granted to the property along Court Street. The chairman of the board testified that he was fully cognizant of the restriction and for that reason the plaintiff corporation located its building some 45 feet north of the 100-foot setback line. Plaintiff corporation conducted its operation during the entire three-month period of time when the defendant, Railway Express Agency, Inc.’s building was being constructed. There was no evidence to the contrary. Being located just west of the construction site the plaintiff corporation through its directors and officers should have known by mere visual inspection that a violation of the setback restriction was occurring. The plaintiff corporation should have sought the halting of the construction of the defendant, Railway Express Agency, Inc.’s building during the construction. There was nothing secretive about the construction. In fact, it was done openly and notoriously for all who had eyes to see. In the case of Finn v. Morgan Island Estates (124 N. Y. S. 2d 645) the defense of laches was upheld on the ground that the plaintiff did nothing to prevent the construction as it proceeded. (See, also, University Cardens Property Owners Assn. v. Schulte, 272 App. Div. 949; Pappas v. Excelsior Brewing Co., 170 App. Div. 692; Sahm v. Poushter, 187 Misc. 486; Heller v. Seltzer, 188 Misc. 574.)
For the above-stated reasons judgment is granted dismissing the plaintiff’s complaint with leave to institute an action at law *1005 for damages. However, in the exercise of the court’s discretion no costs are allowed the defendants in view of the fact that the defendant, Railway Express Agency, Inc., has technically violated the covenant.