■ MELVIN R. MEDVIN et al., Appellants, v. PRISCILLA GRAUER, Respondent. — In an action for a mandatory injunction to compel defendant to remove eaves which allegedly project from the roof of her dwelling to the extent of approximately 1½ feet over plaintiff's unimproved land adjacent thereto, plaintiffs appeal from an order of the Supreme Court, Nassau County, dated May 20, 1974, which denied their motion for summary judgment. Order affirmed, without costs. We agree with Special Term that, assuming plaintiffs are entitled to some relief, it does not necessarily follow that they are entitled to the mandatory injunction which they seek. Circumstances are alleged in the answering affidavit which, if not completely mitigatory of the alleged encroachment, are such as to considerably soften the retaliatory relief sought by plaintiffs. Crocker v. Manhattan Life Ins. Co. (61 App. Div. 226), which is relied upon by plaintiffs, when applied to the circumstances at bar, does not, in our opinion, warrant the summary granting of the mandatory injunction sought. In Crocker, in which a plenary trial had been held, the First Department noted that in an action in equity for a mandatory injunction the court may consider the hardship to a defendant and the corresponding lack of benefit to a plaintiff were the injunction to be granted. Defendant's affidavit raises, inter alia, triable issues as to whether the encroachment complained of was willful on her part, what damage, if any, plaintiffs sustained as a result of the encroachment and whether monetary damages, measured by the difference between the value of plaintiffs' property subject to the alleged encroachment, and the value of the property absent the encroachment, would be the just and adequate remedy here. The granting of a mandatory injunction is an extraordinary remedy and the court must weigh the conflicting considerations of benefit to the plaintiff and harm to the defendant which would follow the granting of such a drastic remedy (Lexington & Fortieth Corp. v. Callaghan, 281 N. Y. 526, 531; see, also, Real Property Actions and Proceedings Law, § 871; Lightfoot v. Davis, 198 N. Y. 261, 273; State of New York v. Ole Olsen, Ltd., 38 A D 967; Wages v. Wages, 38 A D 2d 968). Gulotta, P. J., Hopkins, Martuscello, Latham and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEROY EDMONDSON and HARMON JACKSON, Appellants.— Appeal by defendants from two judgments (one as to each defendant) of the Supreme Court, Kings County, both rendered September 2, 1971, convicting them of burglary in the third degree, assault in the third degree and criminal mischief in the third degree, after a nonjury trial, and imposing sentence. Judgments modified, on the law, by reversing the convictions of assault in the third degree and the sentences imposed and dismissing the count upon which said convictions were based. As so modified, judgments affirmed. The proof of physical injury was insufficient to support defendants' conviction for assault in the third degree (People v. McDowell, 28 N. Y 2d 373). Martuscello, Acting P. J., Latham, Cohalan, Brennan and Munder, JJ., concur.