■ SUNRISE PLAZA ASSOCIATES, L.P., Appellant, v INTERNATIONAL SUMMIT EQUITIES CORP., Respondent. [733 NYS2d 443] —In an action to enforce a cross-easement agreement, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Catterson, J.), entered June 28, 2000, which, after a hearing, *inter alia,* declined to specifically enforce the agreement.

Ordered that the judgment is affirmed, with costs.

The parties are owners of adjoining parcels of commercially developed land located on Wellwood Avenue in Lindenhurst. The parties' adjoining parcels appear to constitute a unified shopping center known as Sunrise Plaza with a single parking lot. Use of the parking areas is governed by a cross-easement agreement between the parties which allows each to have unrestricted access to the parking area on the other party's property, and requires that each party maintain a paved parking area that is 2.5 times greater than the building floor area located on each parcel. The instant dispute arose when the defendant constructed another building on its property which disturbed the building-to-parking-area ratio contained in the cross-easement agreement.

The plaintiff contends that the court improvidently exercised its discretion in denying its motion for leave to serve an amended complaint to add a cause of action alleging unjust enrichment. While motions for leave to amend are to be liberally granted absent prejudice or surprise (*see,* CPLR 3025 [b];

*McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755, 757; *Fahey v County of Ontario,* 44 NY2d 934, 935), it is equally true that leave should be denied "where the proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit" (*Norman v Ferrara,* 107 AD2d 739, 740; *see, Nissenbaum v Ferazzoli,* 171 AD2d 654; *DeGuire v DeGuire,* 125 AD2d 360). In the instant case, the Supreme Court properly denied the plaintiff leave to amend the complaint on the ground that a claim alleging unjust enrichment cannot lie as a matter of law where a valid contract (in this case, the cross-easement agreement) covering the same subject matter exists between the parties (*see, Salomon v Hampton Athletic Club,* 245 AD2d 282; *Mariacher Contr. Co. v Kirst Constr.,* 187 AD2d 986; *Feigen v Advanced Capital Mgt. Corp.,* 150 AD2d 281).

The Supreme Court granted the plaintiff summary judgment on the issue of the defendant's breach of the cross-easement agreement, and then held a hearing on the issue of the relief to be granted to the plaintiff. Following the hearing, the court granted only nominal damages to the plaintiff and enjoined the defendant from any further construction. The court, however, refused to direct the defendant to remove the offending structure which had initiated the litigation.

Where the removal or destruction of a building is the object of an injunction, the courts will generally exercise caution in granting such relief, and will generally not do so unless there is a substantial benefit to be gained by the plaintiff (*see, Maspeth Branch Realty v Waldbaum, Inc.,* 20 AD2d 896; *Evangelical Lutheran Church of the Ascension v Sahlem,* 254 NY 161; *Mandel v Oremland,* 22 AD2d 794; *Syracuse Supply Co. v Railway Express Agency,* 45 Misc 2d 1000, *affd* 27 AD2d 635, *affd* 20 NY2d 718). As observed by the Court in *Medvin v Grauer* (46 AD2d 912): "The granting of a mandatory injunction is an extraordinary remedy and the court must weigh the conflicting considerations of benefit to the plaintiff and harm to the defendant which would follow the granting of such a drastic remedy."

The record is devoid of any evidence of the type of harm or damage to the plaintiff, or indeed, whether it even sustained any harm or damage, to justify the court directing the drastic relief the plaintiff requested. Accordingly, the Supreme Court properly determined that the defendant need not demolish all or a part of the offending structure.

The plaintiff's remaining contentions are without merit.

In light of our affirmance of the judgment, the defendant's

contentions regarding the granting of that branch of the plaintiff's motion which sought a protective order with respect to certain discovery demands are academic. Santucci, J. P., S. Miller, Smith and Crane, JJ., concur.