■ NAT HOLDING CORP., Appellant, v MICHAEL BANKS, Respondent. [802 NYS2d 214]—

In an action, inter alia, to recover damages for trespass and to enjoin the defendant from trespassing upon certain real property by use of a sanitary sewer line, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Rosengarten, J.), dated October 25, 2004, which, upon awarding relief on the defendant's counterclaims, directed the plaintiff to restore the sanitary sewer line to its original condition within the easement area, permanently enjoined the plaintiff from interfering with the defendant's rights under an easement, and is in favor of the defendant and against it in the principal sum of $8,232.91.

Ordered that the judgment is modified, on the law and the facts, by deleting the provisions thereof directing the plaintiff to restore the sanitary sewer line to its original condition within the easement area and permanently enjoining the plaintiff from interfering with the defendant's rights under the easement and substituting therefor provisions denying those counterclaims; as so modified, the judgment is affirmed, without costs or disbursements.

The defendant is the fee owner of two parcels of real property, each improved with a two-family dwelling, located at 144-45 and 144-49 Springfield Boulevard, in Queens. He acquired title to each parcel from Maron Builders, Inc. (hereinafter Maron), by deeds dated January 7, 2000. On November 14, 1998, Maron entered into an easement agreement with the adjoining landowners of 219-13 145th Avenue, Lester McKenzie and Kathleen McKenzie (hereinafter collectively the McKenzies), for the purpose of constructing and maintaining a sanitary sewer line which would run from what is now the defendant's property, through the McKenzies' property, and connect with the New York City sanitary sewer at 145th Avenue. In 1999 the sanitary sewer line was installed in the easement area by Joseph L. Balkan, Inc. (hereinafter Balkan). It is uncontroverted that the easement agreement as indexed against 219-13 145th Avenue was not recorded until January 10, 2001.

On June 1, 2000, the plaintiff, Nat Holding Corp., entered into a contract of sale to purchase the McKenzies' property. The plaintiff's deed, dated June 26, 2000, made no reference to the

existence of the easement, nor did the McKenzies advise the plaintiff of the existence of the easement. Prior to the formal closing, which took place on November 13, 2000, the plaintiff obtained a title report which indicated that there were no easements of record against the property, and obtained a building permit for construction of a two-family dwelling on the premises. Also prior to the formal closing, in early November 2000, during excavation of the premises, the plaintiff's contractor severed a pipe that ran through the plaintiff's property. At this time, the plaintiff learned of the existence of the sanitary sewer line. The plaintiff retained Balkan to relocate and repair the sewer line. The plaintiff then conducted another title search which again revealed that no easement was recorded against the property.

According to the defendant, after the sewer line was severed and relocated, his basement tenants experienced raw sewage backups, requiring the sewer line to be cleared numerous times. Construction of the building on the property burdened by the easement was completed in April 2001. The plaintiff commenced this action in May 2001, seeking to recover damages and to enjoin the defendant from trespassing on its property by use of a sanitary sewer line. In his answer, the defendant interposed four counterclaims seeking, inter alia, injunctive relief, and to recover for damage to property, alleging, inter alia, that the plaintiff's property was acquired subject to the easement agreement, that the plaintiff intentionally encumbered the easement area, and that the plaintiff interfered with the sanitary sewer line by placing structures thereon and relocating and changing the configuration of the sanitary sewer line.

The defendant moved and the plaintiff cross-moved for summary judgment. The Supreme Court granted the defendant's cross motion to the extent that the court determined that the plaintiff's right to use the property was subordinate to the defendant's rights under the easement agreement, and denied the plaintiff's motion. The court further determined that the issue of what relief the defendant was entitled to should be resolved at a trial. Thereafter, the parties agreed to submit the remainder of the controversy to the court on stipulated facts and written submissions setting forth their respective positions. Subsequently, the Supreme Court determined that the plaintiff failed to demonstrate that the sewer line could be made to function as it did prior to its relocation and reconfiguration, granted the defendant injunctive relief and damages, and directed the plaintiff to restore the sanitary sewer line to its original position within the easement area. In order to comply, the plaintiff

would be required to demolish the dwelling built thereon. This Court granted the plaintiff's motion to stay enforcement of the judgment embodying those provisions pending the determination of this appeal.

"The granting of a mandatory injunction is an extraordinary remedy and the court must weigh the conflicting considerations of benefit to the [party seeking the injunction] and harm to the [party subject to the injunction] which would follow the granting of such a drastic remedy" (*Sunrise Plaza Assoc. v International Summit Equities Corp.*, 288 AD2d 300, 301 [2001] [internal quotation marks omitted]). Where the removal or destruction of a building is the object of an injunction, caution will be exercised in granting such relief, and the courts generally will not do so unless substantial benefit is to be gained by the party seeking the injunction (*see Sunrise Plaza Assoc. v International Summit Equities Corp., supra; Maspeth Branch Realty v Waldbaum, Inc.,* 20 AD2d 896, 898 [1964]).

Weighing the relevant circumstances in this case, including the fact that the plaintiff had neither actual nor constructive notice of the easement agreement when construction of the house on the servient property was commenced, the defendant delayed invoking the legal process to preserve the status quo, and the hardship and cost which injunctive relief would cause the plaintiff, we find that the draconian relief granted was not warranted here (*see University Gardens Prop. Owners Assn. v Schultz,* 272 App Div 949 [1947]; *Medvin v Grauer,* 46 AD2d 912 [1974]). We therefore modify the judgment, by deleting the provisions directing the plaintiff to demolish the building on its property and restore the sanitary sewer line to its original condition within the easement area, and substituting provisions denying those counterclaims.

However, we agree with the Supreme Court's determination that the defendant established that the relocation and reconfiguration of the sewer line caused him property damage. As such, the award of damages was proper. Crane, J.P., Ritter, Goldstein and Luciano, JJ., concur.