RICHARD D. PARRY et al., Respondents, v BARBARA McNITT MURPHY, Also Known as BARBARA McNITT and Another, et al., Appellants. [913 NYS2d 285]—

In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to real property and for injunctive relief, the defendants appeal, as limited by their brief, from stated portions of a judgment of the Supreme Court, Orange County (McGuirk, J.), dated April 8, 2009, which, after a nonjury trial, and upon a decision of the same court dated January 14, 2009, among other things, is in favor of the plaintiffs and against them declaring, inter alia, that the plaintiffs hold in fee simple absolute certain real property conveyed to them as described in a correction deed made by Richard D. Lytle and Shirley Lytle dated November 8, 1991, and recorded on December 5, 1991, declaring that the defendants are barred from claiming an easement over the plaintiffs' real property, permanently enjoining the defendants from, among other things, the continued operation and maintenance of any portions of a hydroelectric system which are located on the

plaintiffs' real property, and directing the removal of an underground pipe of that hydroelectric system.

Ordered that the judgment is modified, on the law and the facts, by deleting the fourth through the seventh decretal paragraphs thereof, inter alia, permanently enjoining the defendants from, among other things, the continued operation and maintenance of any portions of a hydroelectric system which are located on the plaintiffs' real property, and directing the removal of an underground pipe of that hydroelectric system; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for further proceedings in accordance herewith, and thereafter for the entry of an appropriate amended judgment.

The plaintiffs Richard D. Parry and Marcia R. Parry (hereinafter together the Parrys) commenced this action alleging that the boundary line between their property and that of the defendant John A. Dodson runs along the northern branch of the Buttermilk Falls Brook (hereinafter the brook) and that they own a triangular-shaped island that sits between the northern and southern branches of that brook (hereinafter the disputed lands). The Parrys further alleged causes of action to recover damages for trespass and violation of their riparian rights, since a portion of an underground pipeline serving a hydroelectric facility constructed and operated by Dodson and the defendant Roger Heimann encroached upon the disputed lands and diverted water from the brook. The defendants, including adjoining landowners, challenged the Parrys' claim of ownership of the disputed lands, contending that the boundary line between the Parry property and the Dodson property runs along the southern branch of the brook and asserted, inter alia, that Dodson held an easement over the disputed lands pursuant to an unrecorded agreement entered into with the prior owners of the Parry property.

After a nonjury trial, the Supreme Court found that the Parrys hold title to the disputed lands and that the defendants do not hold any interest, claim, or easement over the disputed lands. Additionally, the Supreme Court granted permanent injunctive relief in favor of the Parrys and directed the defendants to, among other things, remove the section of underground pipeline located on the Parry property which carries water from the brook to the defendants' hydroelectric facility.

On an appeal from a judgment after a nonjury trial, this Court's power to review the evidence is as broad as that of the trial court, and this Court may render the judgment it finds

warranted by the facts, giving due regard to the trial court which had the advantage of assessing the credibility of the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Sabetfard v Djavaheri Realty Corp.*, 40 AD3d 838, 839 [2007]; *Stojowski v D'Sa*, 28 AD3d 645, 645 [2006]). Here, the Supreme Court's determination that the Parrys hold title to the disputed lands is supported by the record. Additionally, the Supreme Court's finding that the Parrys are not bound by the unrecorded easement agreement, of which they had no actual or constructive knowledge despite undertaking a reasonable inquiry into any possible encumbrances, is also warranted by the facts. " '[I]n the absence of actual notice before or at the time of . . . purchase or of other exceptional circumstances, an owner of land is only bound by restrictions if they appear in some deed of record in the conveyance to [that owner] or [that owner's] direct predecessors in title' " (*Witter v Taggart*, 78 NY2d 234, 238 [1991], quoting *Buffalo Academy of Sacred Heart v Boehm Bros.*, 267 NY 242, 250 [1935]; *see Puchalski v Wedemeyer*, 185 AD2d 563, 564 [1992]).

Although the defendants have raised their contentions regarding the injunctive relief granted in favor of the Parrys for the first time on appeal, the issue of whether the Parrys demonstrated their entitlement to injunctive relief may be reached inasmuch as it is an issue of law which appears on the face of the record and which could not have been avoided if raised at the proper juncture (*see Olim Realty v Lanaj Home Furnishings*, 65 AD3d 1318, 1320 [2009]; *Williams v Naylor*, 64 AD3d 588, 588-589 [2009]).

Based upon this record, the Parrys demonstrated that the underground pipeline on their property constitutes a continuing trespass and that the diversion of the flow of the brook violates their riparian rights (*see Hullar v Glider Oil Co.*, 219 AD2d 825, 826 [1995]; *Matter of Wehlau v Town of Cortlandt*, 48 AD2d 901, 901 [1975]; *City of New York v Blum*, 208 NY 237, 242 [1913]). The Parrys, however, presented no evidence that they would suffer irreparable harm without injunctive relief that substantially outweighs the injury that the injunctive relief would cause to the defendants. "A permanent injunction is a drastic remedy which may be granted only where the plaintiff demonstrates that it will suffer irreparable harm absent the injunction" (*Icy Splash Food & Beverage, Inc. v Henckel*, 14 AD3d 595, 596 [2005]; *see Nat Holding Corp. v Banks*, 22 AD3d 471, 474 [2005]; *Matter of Angiolillo v Town of Greenburgh*, 21 AD3d 1101, 1104 [2005]; *Sunrise Plaza Assoc. v International Summit Equities*

*Corp.*, 288 AD2d 300, 301 [2001]). Consequently, permanent injunctive relief was not warranted. Rather, the Supreme Court should have determined that an award of damages would adequately compensate the Parrys (*see Sunrise Plaza Assoc. v International Summit Equities Corp.*, 288 AD2d at 301; *Generalow v Steinberger*, 131 AD2d 634, 635 [1987]; *Lawrence v Mullen*, 40 AD2d 871, 872 [1972]). Therefore, this matter must be remitted to the Supreme Court, Orange County, for a determination of damages, which would be measured as the difference between the value of the Parry property with and without the encroachment (*see Generalow v Steinberger*, 131 AD2d at 635; *Lawrence v Mullen*, 40 AD2d at 872).

The defendants' remaining contentions are without merit. Mastro, J.P., Balkin, Eng and Hall, JJ., concur.