— In an action to permanently enjoin the defendant, inter alia, from doing any underpinning or construction work on the plaintiffs property, the plaintiff appeals, as limited by letter dated May 23, 2012, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated September 20, 2011, as denied its motion for a preliminary injunction and its cross motion for, among other things, summary judgment on the complaint.
Ordered that the order is affirmed insofar as appealed from, with costs.
“To obtain a preliminary injunction, a movant must establish (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balancing of the equities in the movant’s favor” (91-54 Gold Rd., LLC v Cross-Deegan Realty Corp., 93 AD3d 649, 649 [2012]; see Lombard v Station Sq. Inn Apts. Corp., 94 AD3d 717 [2012]). Further, “[a] *722 permanent injunction is a drastic remedy which may be granted only where the plaintiff demonstrates that it will suffer irreparable harm absent the injunction” (Parry v Murphy, 79 AD3d 713, 715 [2010] [internal quotation marks omitted]). “Irreparable injury, for purposes of equity, has been held to mean any injury for which money damages are insufficient” (Di Fabio v Omnipoint Communications, Inc., 66 AD3d 635, 636-637 [2009] [internal quotation marks omitted]).
Here, the plaintiff failed to demonstrate that it would suffer irreparable injury in the absence of injunctive relief. Therefore, the Supreme Court properly denied its motion for a preliminary injunction and its cross motion, inter alia, for summary judgment on the complaint (see Parry v Murphy, 79 AD3d at 715).
The plaintiffs remaining contentions are either not properly before us or without merit. Mastro, A.P.J., Angiolillo, Austin and Sgroi, JJ., concur.